MEYER et ux. v. MONNIG DRY GOODS CO. et al. (No. 8406.)*

(Court of Civil Appeals of Texas. Ft. Worth. June 17, 1916. Rehearing Denied Oct. 21, 1916.)

1. APPEAL AND ERROR ⟨⟩1064(4)—HARMLESS ERROR — INSTRUCTIONS — LARCENY — DEFINITION.

Error in omitting from definition of larceny the element that the property must have been taken from possession of the owner or a person holding it for him is harmless, where the jury could not have found a taking without a taking from the owner's possession.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4224; Dec. Dig. ⟨⟩1064(4); Trial, Cent. Dig. § 525.]

2. FALSE IMPRISONMENT ⟨⟩15(2)—PERSON LIABLE.

Where defendant merchant's clerk pointed out plaintiff as the person who stole a locket from the store to a policeman who directed the clerk to catch plaintiff, and plaintiff was thereby caught and arrested without warrant, regardless of whether the arrest was lawful, the merchant was not liable; the arrest being the officer's independent act.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 45–61; Dec. Dig. ⟨⟩15(2).]

Appeal from District Court, Tarrant County; R. B. Young, Judge.

Action by William Meyer and wife against the Monnig Dry Goods Company and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Cummings & Whiteside and C. B. Ambrose, all of Ft. Worth, for appellants. E. T. Murphy, of Ft. Worth, for appellees.

DUNKLIN, J. William Meyer and his wife, Ethel Meyer, instituted this suit against the Monnig Dry Goods Company, a corporation, William Monnig, its president, and O. E. Wandry, manager of its retail department, for damages for alleged malicious prosecution and false imprisonment of Mrs. Ethel Meyer, and from a judgment in favor of the defendants, plaintiffs have appealed.

The proof showed that Mrs. Meyer was arrested and imprisoned in the city jail on a charge of theft of a locket from the store of the defendant corporation, and that the locket alleged to have been stolen was found in her possession when she was arrested. Her explanation of such possession was that she had found it on one of the public streets of the city.

The trial judge instructed the jury that, if they should find that Mrs. Meyer stole the locket, then a verdict should be returned in favor of the defendants, and upon that instruction alone such a verdict was returned, and the judgment was rendered thereon.

Appellants make no contention in this court that the evidence was insufficient to prove the theft, and hence the finding that Mrs. Meyer stole the locket must be accepted as conclusive of that fact, if the charge of the court upon that issue was correct, and that question will now be discussed.

Paragraphs Nos. 1 and 2 of the court's charge upon which the jury returned a verdict are as follows:

"First. 'Theft,' as defined by our statutes, is the unlawful and fraudulent taking of corporeal personal property belonging to another, without his knowledge or consent, and with the intent to deprive the owner of said property of the value thereof, and to appropriate same to the use and benefit of the person so taking.

"Second. Now, if you find and believe from the evidence in this case that the plaintiff Mrs. Ethel Meyer, on or about the 24th day of December, A. D. 1914, took from the possession of the defendant Monnig Dry Goods Company a certain locket, and that such taking of same constituted theft, as the same is above defined, then you will find for the defendant, and you will return a verdict immediately following this instruction, and need not consider any other portions of this charge. You are instructed, however, that the burden of proof is upon the defendant to show that the plaintiff Mrs. Ethel Meyer acquired the locket in such a manner as that its acquisition comes within the meaning of the term 'theft,' if you find such to be the case as same is herein defined."

The statutory definition of theft is as follows:

"'Theft' is the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person holding the same for him, without his consent, with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking." Texas Penal Code, art. 1329.

It will be observed that the definition of theft given in the first paragraph of the charge omits the words "from his possession, or from the possession of some one holding the same for him" after the words "belonging to another"; and several assignments of error are predicated upon that omission as reversible error.

[1] Notwithstanding that omission, the jury could not have found that Mrs. Meyer stole the locket without finding that it was taken from the possession of the Monnig Dry Goods Company, as the court plainly instructed in the second paragraph of the charge; hence the error in the definition of "theft" contained in the first paragraph of the charge was harmless.

[2] Appellants insist further that the court erred in the second paragraph of the charge in instructing the jury, in effect, that if Mrs. Meyer was guilty of theft charged, that fact would of itself preclude a recovery, even though it should appear that in making the arrest the preliminary legal steps necessary for a proper arrest were not followed. It is insisted that the offense was not of such a character nor committed under such circumstances as to authorize an arrest without a warrant, and that, as the arrest of Mrs. Meyer was made without a warrant, it was unlawful, and, further, after the arrest was made, the officer making it, in violation of his statutory duties, failed to immediately take Mrs. Meyer before a magistrate, to the end that she be given an opportunity to furnish bail and thereby avoid incarceration, and that therefore her imprisonment was likewise unlawful.

The proof shows that the theft was committed on December 24, 1914, and that the arrest was made two days later when Mrs. Meyer returned to the store of the Monnig Dry Goods Company. While she was in the store on that occasion, Police Officer D. P. Stanley appeared in the store in obedience to a request by defendant Wandry that the theft be investigated. While the officer was discussing the matter with Wandry, the latter pointed out Mrs. Meyer to him as the guilty person. Thereupon Mrs. Meyer ran out of the store through a rear door leading into an alley, and from the alley turned into one of the public streets, where she was overtaken and held by the arm by R. B. Baker, a salesman in the store of the Monnig Dry Goods Company, until the arrival of the officer, who then took her in custody and immediately imprisoned her in the city jail. This act of Baker was in obedience to an order to him from the police officer, who left the building by another door, to the end that Mrs. Meyer should not escape. The officer had no warrant for the arrest at the time, but later a complaint was duly filed, a warrant issued, and Mrs. Meyer duly tried in the county criminal court, at which trial she was acquitted. When she was arrested the stolen locket was found upon her person. Appellees insist that the arrest was lawful, and in support of that contention cite article 364 of our Code of Criminal Procedure, which reads:

"All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen, and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify such seizure, there must, however, be reasonable ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay."

They also cite decisions, including Garcia v. Sanders, 90 Tex. 103, 37 S. W. 314, to which may be added Morris v. Kasling, 79 Tex. 141, 15 S. W. 226, 11 L. R. A. 398, according to which decisions it would seem that the statute last quoted, of itself, made the arrest, under the circumstances related, lawful. The statement of facts also shows that an ordinance of the city of Ft. Worth

was introduced in evidence, which also authorized the arrest without a warrant.

But aside from that question the evidence shows conclusively that the arrest and prosecution were solely upon the volition of the policeman and other public officers, and not upon request or direction of any of the defendants. Defendant Wandry, as it was his legal right and duty to do, reported the theft to the policeman and pointed out to him Mrs. Meyer as the guilty person. He did nothing more ·than that. Even ·if he had requested the arrest, it could not be presumed that he thereby intended an unlawful. arrest. There was no evidence whatever that the act of Baker in pursuing and stopping Mrs. Meyer in her flight, and detaining her until the arrival of the officer, who then took her in custody, was in any manner authorized, instigated, or directed by any of the defendants, but was by reason alone of the order of the officer so to do, and therefore they are not responsible therefor. And neither he nor the officer was made a party defendant in the suit. Hence, even though it should be said that in arresting Mrs. Meyer the officer did not follow the preliminary legal steps necessary to make the arrest strictly lawful, the evidence conclusively shows that the defendants are not liable for any damages resulting therefrom, or from the incarceration which followed the arrest.

Following paragraphs 1 and 2 of the charge, other instructions were given in the form of special issues, which the jury were told to answer in the event, and in the event only, they should find that Mrs. Meyer did not steal the locket. Upon those issues the jury made no findings. Several assignments are addressed to those instructions, but all of them are overruled, since any errors therein, if errors there be, were clearly harmless.

The foregoing conclusions require an affirmance of the judgment without any discussion of the further questions· presented by appellees that in other respects the plaintiffs failed to establish the essential elements of the cause of action asserted.

Judgment affirmed.