**Bobbye Lola HALL, Appellant,**

**v.**

**Clayton FOWLER, Appellee.**

**No. 16483.**

Court of Civil Appeals of Texas.

Dallas.

April 16, 1965.

Brans, Berryman, Higginbotham & Berry, Dallas, for appellant.

Marvin G. Shwiff, Dallas, for appellee.

BATEMAN, Justice.

· This is an appeal from a summary judgment in favor of appellee Clayton Fowler against appellant Bobbye Lola Hall on a promissory note. In three points of error on appeal the appellant attacks the judgment because: (1) her affidavit and other documents filed in the case show that there are genuine issues of material fact; (2) the motion for summary judgment was not properly supported by affidavits made on personal knowledge of the affiant and a certified or sworn copy of the promissory note sued on was not attached to the motion; and (3) the appellee failed to overcome the burden of showing the absence of any genuine issue of material fact.

Appellant in her answer did not deny, but admitted, the execution of the note. She denied owing any money thereon, saying there was a failure of consideration for the note, in that appellee had been employed as her attorney to represent her in a divorce suit and that he had already been "amply paid" for his services. She also alleged that she was induced to execute the note by duress, compulsion, acts of coercion and undue influence exercised by appellee upon her, in that her divorce suit had been brought to a conclusion, following which a property settlement between the parties was contemplated; that she was under a deadline to comply with the provisions of the purported property settlement agreement, and that appellee, who knew all of the facts and circumstances, threatened that if she did not execute or agree to execute the note he would delay final consummation of the settlement agreement, but for which threat she would not have signed the note.

Appellant's affidavit in opposition to the motion for summary judgment, outlined her employment of appellee as her attorney, his statement to her that he would collect his fee from the defendant in the divorce case and that no fee would be due from her, although he did demand of her a $250 retainer fee, which she paid; stated that she could not get appellee "to abide by her directions and requests and recommendations with reference to property settlement and other matters," and that she does not owe appellee any money because: (1) there

was a failure of consideration concerning which there were material fact issues to be determined; (2) the divorce decree provided that appellee was paid a fee of $1,000 by appellant's ex-husband; (3) the time limitations in connection with the property settlement left her no alternative but to execute the note, as otherwise she would lose valuable property rights, and but for such pressure and time limitation she would not have signed the note; and (4) in view of appellee's agreement that he would secure his fee from her ex-husband and did in fact receive such fee, "there was no consideration for the note upon which this suit is based." She also incorporated by reference all the allegations of her answer in the affidavit.

■ A review of the record before us, as summarized above, would indicate that there was no genuine issue as to any material fact to be tried in this case. In making this decision we view the evidence in the light most favorable to appellant, indulging in her favor every intendment reasonably deducible from the evidence, and resolving all doubts as to the existence of a genuine issue as to a material fact against appellee. Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929.

■ One cannot receive and accept the personal services of another, and thereafter execute a promissory note for the amount of the fee demanded by the one performing the services, and then defeat liability on that note by contending that the services were not worth the amount of the note. If there was a question as to the value of services already rendered, that question must be considered as resolved by the execution of the note. Crumpler v. Humphries, Tex.Civ.App., 218 S.W.2d 215, 217, wr. ref.

■ Appellant speaks of this defense in her answer, her affidavit and her brief as "failure of consideration," but what she is really saying is that there was inade-

quate consideration for the note. "Mere inadequacy of consideration, except as a circumstance bearing on the question of fraud or undue influence, is not a defense to a negotiable instrument." 9 Tex.Jur.2d, Bills and Notes, p. 167, § 144.

Likewise, appellant's contention that the note was obtained from her by duress or coercion or undue influence must fail. She says in response to interrogatories propounded to her that she executed the note "under circumstances which practically amounted to mental coercion and duress in view of the fact that I was under a limitation of time within which to make a property settlement with my ex-husband and I was afraid Mr. Fowler might do something to cause my time to expire prior to my ability to arrange for financing." She also said that she advised her attorney, the one who represents her in this case, that she would execute the note although she did not want to. There is no showing whatever that appellee did anything improper, unlawful, wrongful or oppressive to cause her to execute the note. Apparently he was not even present when she did so, for the record shows that she executed the note and mailed it to appellee with a letter addressed to him and dated December 4, 1961, which was 28 days after the divorce decree was entered. In that letter, after complaining rather bitterly of the manner in which the divorce suit had been handled, and asserting that she did not feel that she owed him any more money, she said: "If you still actually feel that I do owe you this fee, I will pay it as agreed, but frankly I do not see how you could ask for it under the circumstances."

■ "There can be no duress unless there is a threat to do some act which the party threatening has no legal right to do." Dale v. Simon, Tex.Com.App., 267 S.W. 467, 470. See also Ulmer v. Ulmer, 139 Tex. 326, 162 S.W.2d 944, 947; Cameron County W. Imp. Dist. No. 1 v. Cameron County, etc., Tex.Civ.App., 134 S.W.2d 491, no wr. hist.; Bute v. Stickney, Tex.Civ.App., 160 S.W.2d 302, wr. ref. w. m.

It is our opinion that, assuming the truth of all of the statements made in appellant's answer, and her affidavit, no defense to the note was shown, and appellant's first and third points of error are overruled.

Appellant points out that in neither his affidavit at the end of his petition nor his affidavit appended to his motion for summary judgment does appellee state that it was made on his personal knowledge or that the affiant is competent to testify to the matters stated, calling our attention to the requirement of subdivision (e) of Rule 166–A, T.R.C.P., that such affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." These deficiencies were not called to the attention of the trial court in any way.

In Youngstown Sheet & Tube Co. v. Penn, Tex.Sup., 1963, 363 S.W.2d 230, the affidavits filed in support of the summary judgment did not state that they were made on the personal knowledge of the affiants, did not show affirmatively that the affiants were competent to testify to the matters stated therein, and sworn or certified copies of the papers referred to in the affidavits were not attached thereto or served therewith. No objection was made in the trial court on any of these grounds, and the Supreme Court held that if the party against whom the summary judgment was rendered was in doubt as to any of these matters, or felt that he was prejudiced in any way by the defects in the affidavits, he should have excepted to the affidavits at or prior to the hearing; that the deficiencies appear to be purely formal, and that it may be assumed that they would have been corrected if proper exception had been made in the trial court; and that objections of this kind "may not be raised for the first time on appeal when it fairly appears from the record that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

As we pointed out in Lotspeich v. Chance Vought Aircraft, Tex.Civ.App., 369 S.W.2d 705, 710–711, wr. ref. n. r. e., objections to the form of affidavits supporting or opposing motions for summary judgment should be raised in the trial court and an opportunity given for the correction of the defects, and failure to do so, as authorized by Rule 90, T.R.C.P., constitutes a waiver of the objections. See also Employers Mutual Casualty Co. v. Lee, Tex. Civ.App., 352 S.W.2d 155, 157, no wr. hist.

Appellee's petition, containing a copy of the note sued on and reciting its execution and delivery and that appellee was the legal owner and holder of it, was sworn to by appellee. This, we think, may properly be considered an affidavit as to the facts stated, Ragsdale v. McLaughlin, Tex.Civ.App., 285 S.W.2d 467, wr. dism., and distinguishes this case from Alexander v. Houston Oil Field Material Co., Tex. Civ.App., 386 S.W.2d 540, which held that the defendant's general denial put the plaintiff to proof that it was the owner and holder of the note. Appellant's second point is overruled.

The summary judgment was correct and should be, and is,

Affirmed.