**Guy SPARKMAN, Appellant,**

v.

**PEOPLES NATIONAL BANK OF TYLER,**
**Texas, et al., Appellees.**

**No. 722.**

Court of Civil Appeals of Texas,
Tyler.

Oct. 25, 1973.

Rehearing Denied Nov. 29, 1973.

Guy Sparkman, pro se.

Potter, Lasater, Guinn, Minton & Knight, Charles F. Potter, Tyler, for appellees.

DUNAGAN, Chief Justice.

This is a summary judgment case. Appellant, Guy Sparkman, brought this suit against Peoples National Bank of Tyler, Texas, Dub Riter, Frank Sewell, Jr., and Weldon McFarland, individually and as agents, employees and servants of the Peoples National Bank of Tyler, Texas. Appellant by his suit is attempting to recover $250,000.00 damages for an alleged false imprisonment and denial of due process after he was arrested and jailed upon a criminal complaint filed by appellee, Weldon McFarland, after a controversy arose in connection with the foreclosure sale of appellant's business property.

Appellant and the appellees filed their respective motions for summary judgment. The trial court overruled appellant's motion and granted appellees' motion. Appellant has duly and timely appealed to this court.

Three affidavits have been filed pursuant to the motions for summary judgment. Two affidavits were filed on behalf of the appellees—one by a construction worker who was present at the time of the incident and another by the two arresting offi-

cers. The only affidavit filed on behalf of the appellant was his own.

From the motions for summary judgment on file, it appears that appellant had built a plant and was producing modular houses. This plant and the property it rested upon was the collateral for a security agreement through which Sparkman financed his business venture with the Peoples National Bank. Later, the Bank alleged that Sparkman had defaulted and sought to have a non-judicial foreclosure sale. On the day, and immediately prior to the sale, Sparkman appeared at the plant and told those present that the sale was unauthorized. Next, Sparkman parked his Volkswagen Van crosswise in the plant driveway and produced a shotgun. After removing a sign which noted the place of the sale and replacing it with a "Private Property" sign, he then stood there with his shotgun in an attempt to prevent what he contended to be an unauthorized sale. Whether or not the sale was unauthorized is the subject of another lawsuit now pending in the 114th District Court of Smith County, Texas.

Shortly thereafter Sparkman was approached by Weldon McFarland (attorney representing Peoples National Bank) and a discussion followed whereby McFarland demanded that Sparkman leave the premises. Sparkman refused and McFarland retreated back to the highway. Les Everett and Bobby Miller, deputy sheriffs, were dispatched to the scene. After a discussion by the deputies with both parties, they requested that McFarland return to the Courthouse and file a complaint so a warrant could be issued for the arrest of Sparkman—this he did. Pursuant to a complaint filed by McFarland a warrant was issued for the arrest of Sparkman. The officers returned to the plant and arrested Sparkman by virtue of the warrant and placed him in jail where he remained until 10:30 that night at which time he was released.

Even though appellant has based his appeal upon four specific points of er-

ror, as in any summary judgment case, there is actually only one question to be decided. The question on appeal, as well as in the trial court, in determining the matter of rendering or affirming a summary judgment in favor of a party, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.1970); Harrington v. Young Men's Christian Association of Houston and Harris County, 452 S.W.2d 423 (Tex. 1970); Rule 166–A(c), Texas Rules of Civil Procedure. The burden of proof is upon the party moving for summary judgment and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. The evidence upon such a motion must be viewed in the light most favorable to the party opposing the motion. The affiant must have personal knowledge of statements depended upon to raise a fact issue and must be competent to testify as to the subject matter of the statement. Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.1962); Rule 166–A(e), Texas Rules of Civil Procedure. In addition, the affidavit must be so worded that the statements made therein would be admissible in evidence if the witness attempted to so testify at a trial of the cause. Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 (Tex.1958); Montez v. Bailey County Electric Co-Operative, 397 S.W.2d 108 (Tex.Civ.App., Amarillo, 1965, writ ref'd n. r. e.); Gaston v. Copeland, 335 S. W.2d 406 (Tex.Civ.App., Amarillo, 1960, writ ref'd n. r. e.). All conflicts in the evidence are disregarded and the evidence which tends to support the position of the party opposing the motion is accepted as true. Generally speaking, if uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact unless it is clear,

direct, and positive and there are no other circumstances in evidence tending to discredit or impeach such testimony. Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.1965); Parrott v. Garcia, 436 S.W.2d 897 (Tex.1969); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (Tex.1952).

■■■ Where a motion for summary judgment is supported by affidavit sufficient on its face to establish facts which, if proven at the trial, would entitle the movant to an instructed verdict, the opponent must show opposing evidentiary data which will raise an issue as to a material fact. Also where a party's motion for summary judgment has support in affidavit form which will sustain his contention that there is no genuine issue of fact, the opponent is required to come forward with more than a mere pleading denial, even a sworn one, in order to overcome the force of the motion. The facts stated in the affidavit of the opponent of a motion for summary judgment, like the movant's affidavits, must be so worded that if the testimony was given from the stand during trial, it would be admissible. Affidavits consisting of mere conclusions of law or fact or based on hearsay and which do not affirmatively show that the affiant has personal knowledge of the facts therein recited, are insufficient to prevent the granting of a motion for summary judgment. Box v. Bates, 162 Tex. 184, 346 S.W.2d 317 (Tex. 1961); Statham v. City of Tyler, 257 S. W.2d 742, 745 (Tex.Civ.App., Texarkana, 1953, writ ref'd n. r. e.); Fonville v. Southern Materials Co., 239 S.W.2d 885, 888 (Tex.Civ.App., Galveston, 1951, writ ref'd n. r. e.); Westfall v. Lorenzo Gin Company, 287 S.W.2d 551, 555 (Tex.Civ. App., Eastland, 1956, n. w. h.); Sparkman v. McWhirter, 263 S.W.2d 832 (Tex.Civ. App., Dallas, 1953, writ ref'd); Keahey v. Dallas Teachers Credit Union, 374 S.W.2d 450 (Tex.Civ.App., Tyler, 1964, n. w. h.).

Appellees' summary judgment proof reveals that deputy sheriffs Les Everett and Bobby Miller upon arriving at the place of sale found Sparkman had blocked the entrance to the premises by parking a Volkswagen Van crosswise the entrance and that he was standing in the drive near the Van with a shotgun in his hand and that people were leaving the premises and either going out to the highway area or leaving in cars; that the officers asked McFarland to go with them to the Courthouse to advise or report to a justice of the peace what they had observed. The officers and McFarland did go into Tyler and reported to Mrs. Hicks, a justice of the peace, that Sparkman was displaying a shotgun alarming members of the public who had gathered for a public sale and was attempting to block access to the advertised place of sale; that at no time did McFarland do anything other than make the facts of what had taken place known to Mrs. Hicks. Mrs. Hicks prepared a complaint form charging that Sparkman did unlawfully "rudely display firearms two miles east of Tyler on FM 2767" which was signed by McFarland under the direction of and in the presence of the justice of the peace to whom he had been directed or conducted by officers Everett and Miller. The justice of the peace issued a warrant for the arrest of Sparkman for "rudely displaying firearms at a public place." We find no evidence of probative force that McFarland or either of the other appellees said or did anything, other than this, to cause the arrest of Sparkman. When the officers returned to the scene, Sparkman was still blocking the entrance with the shotgun in his hand; that Sparkman was holding the shotgun at all times; that the people in the area had cleared away and Sparkman was attempting to keep them off the premises at that time. Pursuant to the warrant of arrest, the officers arrested Sparkman and placed him in the Smith County Jail where he remained until about 10:30 or 11:00 p. m. that night.

Sparkman by his own affidavit admits that he did park his car across the private drive to the plant premises; that he had a

shotgun with him; that he pulled up a sign advertising the sale and picked up the shotgun which had been leaning against his car, stuck a sign in the ground which read "Private Property," and "stood there holding the shot gun by the tip of the barrel with the but (sic) on the ground. There was no one on the property. No one attempted to come on the property until the deputies arrived, nor did I go onto the public road." That he explained to Officer Miller that the bank was attempting to conduct an unauthorized sale and that he was insisting that they secure a court order; that McFarland tried to convince the officers and Sparkman that he (McFarland) had authority to conduct the sale; that after Sparkman refused to yield to his demand that he had such authority he (McFarland) ordered the officers to arrest him and to keep him in jail until after the sale; that Officer Miller told McFarland he would have to file a complaint and that McFarland said "then take me to town" and they left. That the officers and McFarland returned and Miller informed him that he had a warrant for his arrest.

Appellant contends McFarland committed such unlawful acts as (1) making a complaint which fails to fully set forth facts sufficient to constitute a crime and (2) taking such an active part in the arrest of the appellant so that he is deemed to have participated.

We think the evidence as a matter of law demonstrates that Sparkman at the time in question was displaying a deadly weapon in a public place in such manner as to alarm or frighten other persons present. We think the evidence clearly demonstrates that McFarland had probable cause to and was justified in filing a complaint against Sparkman for violation of sec. 1(10) [1] of Article 474, Vernon's Ann.P.C. In determining whether the appellees, or either of

them, may be held liable for false imprisonment, if any, by causing the imprisonment of the appellant by virtue of McFarland signing the complaint, it is important to consider the circumstances surrounding the filing of the complaint by McFarland.

■ A citizen has a legal right to file a criminal complaint with the justice of the peace. In fact, the law encourages this.

If the complaint is merely a "defective" complaint, appellees cannot be held liable for assisting in the arrest because McFarland merely exercised his right as a citizen to file a complaint. This happens every day and even though the plaintiff may be acquitted of the offense of which complainant accuses him, he still has no cause of action for false imprisonment. Undoubtedly, the complaint was defective. Baldauf v. State, Tex.Cr.App., 456 S.W.2d 136; Jones v. State, Tex.Cr.App., 388 S. W.2d 716. However, the summary judgment proof in this case shows without contradiction that Sparkman was tried before a jury in the County Court at Law of Smith County, Texas, and convicted for the offense of "displaying a deadly weapon in a public place in such a manner as to alarm or frighten other persons present" and that the judgment is final.

It has been held that a complainant should not be held liable where proceedings taken by the judicial officer or magistrate are defective, or if the magistrate unlawfully directs arrest without warrant. J. C. Penney Company v. Reynolds, 329 S.W.2d 104 (Tex.Civ.App., El Paso, 1959, writ ref., n. r. e.).

The court in the J. C. Penney case made the following statements:

"* * * As pointed out in Gogue v. MacDonald, 35 Cal.2d 482, 218 P.2d 542,

[1]. "No person, acting alone or in concert with others, may engage in disorderly conduct. Disorderly conduct consists of any of the following:
* * * * *

(10) behavior involving the display of any deadly weapon in a public place in such a manner as to alarm or frighten other persons present; * * *."

21 A.L.R.2d 639, 642, it would seem unjust to hold someone guilty who has made an honest statement of the facts to a magistrate and then leaves to him such action as may be proper.

\* \* \* \* \* \*

" \* \* \* We think the defendant here was within his rights, having made a full disclosure of the facts, to sign the complaint on the advice of the magistrate. This was all he did. Therefore, we find no ground upon which defendant can here be held legally liable for the illegal arrest and detention, if any, of the appellee.

\* \* \* \* \* \*

"We think it elementary that the duties of the magistrate and other officers are prescribed by law, and, as such, they are under no obligation to take orders from the public. Such situation, of course, again points up, by reason of lack of control, the lack of responsibility on the part of he who has made a full disclosure of facts and acts with probable cause and without malice. The citizen cannot tell a magistrate his duties and therefore, of course, cannot control him and should not be held responsible for malfeasance in office of the official."

The record reveals that appellant's arrest was on warrant, emanating from a justice of the peace of Smith County, Texas, who had authority to issue same. The arrest of Sparkman by the officers was under said warrant. Therefore, appellees cannot be charged with false imprisonment merely because McFarland signed the complaint at the direction of the justice of the peace after he had made a full disclosure of the facts.

We have noted a certain line of authority which could render the appellees liable despite the issuance of legal process where they were found to have requested or directed the arrest or to have in some manner participated. That theory of law is best expressed by the following statement appearing in 32 Am.Jur.2d p. 103, sec. 37:

" \* \* \* If the magistrate through error of judgment issues a warrant when none should issue, or a warrant erroneous in substance or form, the acts of that officer are not those of the complainant and there can be no charge against the latter for false imprisonment, *in the absence of any participation by him in the error or in the employment of the warrant after its issuance.*" (Emphasis Ours.) Also see 21 A.L.R.2d p. 639; J. C. Penney v. Reynolds, supra, and cases therein cited.

It is unnecessary for us to pass on the validity of this authority because we find no probative evidence which shows any participation by McFarland in the error or in the employment in the warrant after its issuance. It is clear from the summary judgment proof before this court that Sparkman was not arrested upon the directive or order of McFarland but was arrested solely by virtue of the warrant of arrest issued by the justice of the peace.

It should be pointed out that appellant Sparkman's cause of action is solely against the appellees, and is not against any official. We also again point out that the false imprisonment, if any, of appellant was not done by, or under the direction of, either of the appellees but was done solely by virtue of the warrant for Sparkman's arrest issued by the justice of the peace.

The affidavit proof clearly shows that McFarland made a full disclosure to the justice of the peace. It was the justice of the peace who filled out the complaint for McFarland to sign. Having made a full disclosure of the facts he cannot be held to have participated in the error made by the justice of the peace in determining what elements need be alleged to constitute the crime. In the case at bar McFarland

was within his rights to sign the complaint on the advice or at the direction of said magistrate. This was all he did to cause the arrest of Sparkman. Therefore, under the record in this case, we find no ground upon which the appellees-defendants can be held liable for the illegal arrest and detention, if any, of Sparkman.

Appellant also contends the process he was arrested under to be unlawful due to the fact that he was not shown the warrant at the time of the arrest by the officer which took him into custody. Assuming this omission on the part of the officer could negate the lawfulness of the arrest and thus constitute false imprisonment, it nevertheless remains that this act was done by a person not made a defendant in this lawsuit. As concerns the action of the officer in refusing to show the appellant the warrant for his arrest, no allegation has been made on either side, nor is there any summary judgment proof in the record that McFarland or any other appellee took any action in this matter. Therefore, the false imprisonment, if any, took place without any participation by the appellees.

In the absence of any participation by appellees in the false imprisonment, if any resulted, they cannot be held liable for any damages. J. C. Penney Co. v. Reynolds, supra; Meyer v. Monnig Dry Goods Co., 189 S.W. 80 (Tex.Civ.App., Fort Worth, 1916, writ ref.) and 35 C.J.S. False Imprisonment § 28.

■ Appellant further contends that the affidavits submitted on behalf of the appellees in connection with the motion for summary judgment do not meet the requisites for consideration in a summary judgment proceeding because they fail to comply with Rule 166–A, T.R.C.P., in that the affidavits do not state that they are made on the personal knowledge of the affiants. The Supreme Court of Texas has held it to be the intendment of Rule 166–A that affidavits state they are made on the personal knowledge of the affiant. Youngstown Sheet & Tube Co. v. Penn, supra. However, the Youngstown case further held that objections of this kind may not be raised for the first time on appeal. Even though the affidavits were defective in this respect and were subject to special exception they were subject to correction. The appellant was required to specially except to the defective affidavits in order that the omission might be corrected on the trial court level. Perkins v. Crittenden, 462 S.W.2d 565, 568 (Tex.1970) and Lotspeich v. Chance Vought Aircraft, 369 S.W.2d 705 (Tex.Civ.App., Dallas, 1963, writ ref., n. r. e.). By failing to specifically raise this objection in the trial court and affording an opportunity to appellees to correct the defect, the appellant has not preserved the point for appeal as such defect was waived. Youngstown Sheet & Tube Co. v. Penn, supra; Perkins v. Crittenden, supra; Litspeich v. Chance Vought Aircraft, supra; Hall v. Fowler, 389 S.W.2d 730 (Tex.Civ.App., Dallas, 1965, n. w. h.); Maberry v. Julian, 479 S.W.2d 770, 775 Tex.Civ.App., Dallas, 1972, writ ref., n. r. e.); Rule 90, T.R.C.P.

In our opinion the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the appellant-plaintiff's cause of action.

The judgment of the trial court is affirmed.

McKAY, J., not participating.