Ramon A. GUERRERO, Appellant,

v.

AMERICAN EMPLOYERS INSURANCE
COMPANY and Commercial Union
Insurance Company, Appellees.

No. 6438.

Court of Civil Appeals of Texas,
El Paso.

March 5, 1975.

Warren Burnett Associated, Richard J. Clarkson, Richard C. Abalos, Odessa, for appellant.

Shafer, Gilliland, Davis, Bunton & McCollum, Inc., Perry Davis, Jr., Odessa, for appellees.

## OPINION

OSBORN, Justice.

This is a summary judgment case. We reverse and remand the case to the trial Court.

The Appellant filed suit against American Employers Insurance Company, hereafter called "American," and Commercial Union Insurance Company, hereafter called "Commercial," seeking to recover benefits, as an employee of Mike Burkholder, under a Farm and Ranch Employees Blanket Accident and Sickness Policy. The defendants' answer admitted that American issued a group policy to Mike Burkholder that provided for medical benefits up to $1,000.00 for "occasional employees" and further alleged that Appellant was an occasional employee for whom $1,000.00 had been paid thereby discharging all liability under the terms of its policy. Defendants subsequently filed a motion for summary judgment and attached to the motion an affidavit of the senior adjuster for Commercial. The affidavit recites:

"There is attached hereto and made a part hereof a copy of the Farm and Ranch Employees Blanket Accident and Sickness Policy, * * * which was issued by the American Employers Insurance Company to Mike Burkholder and which was in force and effect at the time that Mr. Guerrero was injured on March 20, 1972."

The affidavit further states that the policy provided under Coverage B a maximum amount of $1,000.00 coverage for occasional employees for medical expense. The affidavit also states that under the terms of said policy Ramon Guerrero at the time of the accident was listed as an occasional employee. There is also the statement that American paid $1,000.00 on behalf of Ramon Guerrero under the terms of said policy and that no additional amounts are due to him.

There is attached to the affidavit a letter to the affiant from an underwriting manager for Commercial confirming the policy limits of $1,000.00 for an occasional employee. Also attached is a blank American Farm and Ranch Employees Blanket Accident and Sickness Policy, and copies of two drafts, one to a hospital for $821.00, and one to a medical doctor for $179.00, each showing payment of a prorata share of medical benefits for Ramon Guerrero, with Mike Burkholder listed as the named insured. The blanket policy shows no issue date, but the letter from the underwriter indicates the policy was issued February 23, 1965, and that coverage has been continuous since that date. The policy itself provides as follows:

## "DEFINITIONS

" * * *

" 'Permanent Employee' shall mean any farm or ranch employee * * * who

is enrolled for the insurance benefits provided under this policy.

" 'Occasional Employee' shall mean any employee employed less than ninety days who is not enrolled as a permanent employee.

" * * * ."

## "ELIGIBILITY

"Each person who is an employee on the date of issue is eligible to be insured. All new eligible permanent employees hired from time to time shall be added to the policy."

On the date of the summary judgment hearing, Appellant filed an affidavit signed by the foreman of Mike Burkholder, which recites that affiant hired Ramon Guerrero as a "permanent employee" and that on the date of his injuries, Ramon Guerrero had been working steadily for about two months, seven days a week, twelve hours per day.

▉ The Appellant presents a single point of error as suggested in Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119 (Tex.1970), which point does not "direct the attention of the court to the error relied upon" as required by Rule 418, Texas Rules of Civil Procedure, but under the holding in the Napier case such direction is no longer required where a single point of error complains of error in granting the motion for summary judgment.

In order to be entitled to a summary judgment, American must have established under the rules set forth in Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.1965): 1) That Ramon Guerrero was enrolled as an occasional employee; 2) that maximum benefits to which an occasional employee was entitled was $1,000.00; and 3) that it had paid $1,000.00 under the terms of the policy.

▉ Before attempting to review the "unspecified error" in the trial Court's

judgment, it seems well to note that the affidavit of the employer's foreman does not purport to deal with the issue of whether Appellant was enrolled as a permanent employee or as an occasional employee, and even if that affidavit had been timely filed it would not raise a fact issue in this case. Interestingly enough, the affidavit of the foreman does state that Mr. Guerrero had been employed less than ninety days and therefore he would be, under the policy definition, an occasional employee, unless enrolled as a permanent employee. In addition, the statements contained in the letter from the Commercial underwriter to the senior adjuster are clearly hearsay as to the Appellant and the same may not be considered for any purpose even though unobjected to since hearsay evidence may never form the basis for any judgment. Boucher v. City Paint & Supply, Inc., 398 S.W.2d 352 (Tex.Civ.App.—Tyler 1966, no writ).

The affidavit of the Commercial senior adjuster states that Ramon Guerrero was listed as an occasional employee and that benefits in the amount of $1,000.00 were paid for his benefit under the terms of the policy. The attached copies of the two drafts show the amount paid under the policy. Neither the attached policy nor the drafts are originals or sworn or certified copies.

▉ Under the "catchall" point of error Appellant first asserts that the affidavit is defective because it does not recite that it is made on personal knowledge of the affiant and does not show affirmatively that he is competent to testify to the matters in the affidavit. Such a deficiency is purely formal and can be corrected upon proper exception in the trial Court and if no objection is timely raised in the trial Court it may not be raised for the first time on appeal. Hall v. Fowler, 389 S.W.2d 730 (Tex Civ.App.—Dallas 1965, no writ); Sparkman v. Peoples National Bank of Tyler, 501 S.W.2d 739 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.).

■ The Appellant next complains that the exhibits attached to the affidavit are not sworn or certified copies. Again, this is a purely formal defect which can be corrected upon proper exception in the trial Court, and where timely objection is not filed the objection may not be raised for the first time on appeal. Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.1962); Womack v. I. & H. Development Company, 433 S.W.2d 937 (Tex.Civ.App.—Amarillo 1968, no writ). Thus, we conclude that American established the first and third requirements for a summary judgment as mentioned above.

We conclude that the proof is not sufficient to support a summary judgment as to the second requirement. The single "catchall" point of error must necessarily raise this issue.

■ The affidavit states that the policy provided under Coverage B a maximum amount of $1,000.00 coverage for medical expense for occasional employees. The affidavit also states that the attached policy is a copy of the policy that was issued. A review of that attached policy under Coverage B, "Indemnity for Occupational Injury or Sickness," shows no limitation for either a permanent employee or an occasional employee, and in fact the space for the maximum amount of coverage is left blank. Thus, the statement in the affidavit conflicts with, or at least attempts to limit, the provision found in the actual policy attached thereto. In the Great American Reserve Insurance Company case, supra, the Court said:

 " * * * All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. Cowden v. Bell, 157 Tex. 44, 300 S.W.2d 286 (1957); Smith v. Bolin, [153 Tex. 486, 271 S.W.2d 93] supra; Gulbenkian v. Penn, [151 Tex. 412, 252

S.W.2d 929] supra. Evidence which favors the movant's position is not considered unless it is uncontradicted. If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. * * *."

Clearly the statement in the affidavit from an interested witness conflicts with the provision in the attached policy, and therefore the affidavit only raises a fact issue, and it cannot be said that only a question of law is involved. Swilley v. Hughes, 488 S.W.2d 64 (Tex.1972).

■ Appellant is correct in asserting that there is no summary judgment proof which would entitle Commercial to a summary judgment in this case. On the record before us it appears that the only policy in issue was one issued by American and that no policy was issued by Commercial, but there is no summary judgment proof to that effect, and no other proof to form the basis for a summary judgment in favor of Commercial.

The Appellant's single point of error is sustained, and the case reversed and remanded to the trial Court.

WARD, Justice (concurring).

I concur. The summary judgment proof before us fails to establish any of the three requirements discussed. The affidavit is made by an employee—adjuster of "Commercial Union Companies," regarding the terms of a policy issued by American Employers' Insurance Company. Not only is the attached policy in blank, but all other contents of the affidavit are obviously hearsay statements. These matters of hearsay incompetency are adequately raised in Appellant's brief under the "catchall" point of error.