Perry HAGAR, Jr., Appellant,

v.

TEXAS DISTRIBUTORS, INC., Appellee.

No. 1097.

Court of Civil Appeals of Texas, Tyler.

Dec. 29, 1977.

Rehearing Denied Jan. 26, 1978.

Larry S. Parnass, Parnass & Fowler, Laird H. McNeil, Irving, for appellant.

David A. Miller, Matthews, Matthews, Sechrist & Madrid, Dallas, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from a summary judgment granted appellee, Texas Distributors, Inc., against appellant, Perry Hagar, Jr., in an action on a promissory note.

Appellant was the maker of a promissory note dated February 13, 1975, in the original principal sum of $22,030.00, together with interest thereon at the rate of 10% per annum, payable on or before sixty days from date thereof. Such note allegedly came into default, and appellee, as the purported owner and holder thereof, brought suit to recover the unpaid balance. Appellee filed a motion for summary judgment, to which appellant filed a reply. The trial court initially overruled the motion for summary judgment, whereon appellee took

appellant's deposition and filed a supplemental motion for summary judgment, to which appellant likewise responded. Upon hearing had, and consideration of the affidavits in support of and in opposition to appellee's motion, together with appellant's deposition, the trial court determined that there was an absence of any genuine issue of material fact and entered summary judgment on appellee's behalf, from which appellant duly perfected his appeal.

Appellant by his sole point of error contends that the motion for summary judgment should not have been granted because appellee failed to establish as a matter of law that there were no material issues of fact.

Appellant was the owner and the general contractor on a project known as Burgundy Tower, and he contracted with the appellee to perform work on the project. The total contract between the parties, including extras, was in the amount of $220,300.00 of which appellee was paid $198,270.00, leaving a balance due to the appellee of $22,-030.00 which is represented by the promissory note here involved. Appellant admits that appellee fully performed and that the sum of the note is the undisputed amount owing to appellee for material and labor on the project.

Appellant also admits that the note was entered into in consideration of appellee's foregoing the filing of a mechanic's and materialman's lien and that he benefitted by the same.

Appellant has attempted to avoid his obligation to appellee by raising the affirmative defense of fraudulent inducement.

■ Where such affirmative defense as in the instant case has more than one element, then a fact issue must be raised on each element necessary to such defense. *Kain v. Neuhaus*, 515 S.W.2d 45 (Tex.Civ. App.—Corpus Christi 1974, no writ); *Nichols v. Smith*, 507 S.W.2d 518 (Tex.1974). This is so because "when the plaintiff moves for summary judgment in a case where the defendant has alleged an affirmative defense, the motion should be granted

upon a showing by the plaintiff that there is no material issue of fact concerning the elements of his claim unless the defendant comes forward with summary judgment proof sufficient to raise at least an issue of fact with respect to the affirmative defense." *Nichols v. Smith*, supra, at 520.

■ The appellant has failed to raise, by competent summary judgment evidence, a fact issue with respect to a false statement of material fact. In his first attempt to do so (affidavit in opposition to motion for summary judgment of Texas Distributors, Inc.) he stated:

"As a part and parcel of said scheme, Tim Conway and Larry Colgin represented to me that, if I would execute the note in question, and allow same to be secured by a lien upon other property owned by me, then the property upon which Burgundy Tower was situated could remain free and clear of any and all liens, to facilitate the refinancing arrangement heretofore described. Such representations were not true, and were made by Tim Conway and Larry Colgin, to induce me to execute the note in question."

The appellant claims that Tim Conway (an employee of appellee) represented that (1) if appellee's claim could be secured by other property, then (2) the property would remain free of liens (except Texas Bank's first lien), and (3) this would facilitate refinancing the project. Later in the same paragraph appellant admits that (1) and (2) were true, but claimed that appellee's purpose was not (3) to facilitate refinancing the property and that therein lies the alleged false statement of material fact.

■ The expression of an opinion as to whether some future event will or will not happen cannot be the basis for a claim for fraud. *Merchandise Mart, Inc. v. Marcus*, 483 S.W.2d 893, 897 (Tex.Civ.App.—Tyler 1972, writ ref'd n. r. e.); 25 Tex.Jur.2d, Fraud & Deceit, sec. 42, p. 679; *Mangum Road Center v. DiSclafani*, 450 S.W.2d 130 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n. r. e.).

Appellant further states in his affidavit that the alleged representations of Tim Conway were not true and that such representations were made to induce him to execute the note in question; that in relying upon such representations he executed said note, which he "would not have done except for my reliance upon the aforesaid representations . . . , and my belief that same were true;" that the representations were not true, "in that the purpose and objective of Plaintiff and Texas Bank & Trust was not to facilitate refinancing, as represented, but indeed to enable Texas Bank & Trust to have its lien on the Burgundy property unencumbered by other liens, while simultaneously securing Plaintiff's claim on other property."

■ Appellant's affidavit concerning these alleged false representations was based upon his information and belief. Affidavit based on information and belief is insufficient as verification by oath and its content is not factual proof in summary judgment proceeding. *Rausheck v. Empire Life Insurance Company*, 507 S.W.2d 337, 339 (Tex.Civ.App.—Texarkana 1974, writ ref'd n. r. e.).

The appellant also contends there is a factual question as to whether the note sued upon was in default. He asserts that the appellee has not provided any summary judgment evidence of a default on the promissory note.

■ The Supreme Court of Texas held in *Graves v. First National Bank of Bonham*, 77 Tex. 555, 14 S.W. 163 (1890) that in an action by the holder of a promissory note payable to his order, against a maker, and where execution of the note has not been properly denied, the introduction of the note in evidence makes a prima facie case for the holder. And in *Tarrant Savings Association v. Lucky Homes, Inc.*, 390 S.W.2d 473, 474 (Tex. 1965), the court said:

"In the trial of this cause petitioner maintained its burden to establish its case by introducing its note from respondents in the amount of $2,500.00."

It is also evident upon the face of the note, a certified and sworn copy of which was in evidence, that the note was due sixty (60) days from February 13, 1975, and appellee's original petition was not filed until February 1976. In *Hensley v. Jones*, 492 S.W.2d 283, 284 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ), the court held:

". . . The note on its face established that its due date was past and, absent any proper affirmative plea of payment (Texas Rules of Civil Procedure 95), showed the amount that was due thereon."

If a legitimate issue of default existed, the burden shifted to appellant to put default in issue after the appellee presented its prima facie case. Tex.Bus. & Comm. Code Ann. sec. 3.307(b) (1968) provides:

"When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."

This the appellant failed to do.

■ The only question to be decided on motion for summary judgment is whether summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of essential elements of plaintiff's cause of action. *Sparkman v. Peoples National Bank of Tyler*, 501 S.W.2d 739, 741 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.). "The burden of proof is upon the party moving for summary judgment and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. The evidence upon such a motion must be viewed in the light most favorable to the party opposing the motion. The affiant must have personal knowledge of statements depended upon to raise a fact issue and must be competent to testify as to the subject matter of the statement. . . . In addition, the affidavit must be so worded that the statements made therein would be admissible in evidence if the witness attempted to so testify at a trial of the cause." *Sparkman v. Peoples National Bank of Tyler*, supra, at 741. "Affidavits consisting of mere conclusions of law or fact or based on hearsay and

which do not affirmatively show that the affiant has personal knowledge of the facts therein recited, are insufficient to prevent the granting of a motion for summary judgment." *Sparkman v. Peoples National Bank of Tyler*, supra, at 742 and cases therein cited.

Viewing the summary judgment evidence in light of the foregoing rules, it is our opinion that the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements as to the plaintiff's-appellee's cause of action.

The judgment of the trial court is affirmed.