Guy SPARKMAN, Appellant,

v.

The PEOPLES NATIONAL BANK OF TYLER et al., Appellees.

No. 8651.

Court of Civil Appeals of Texas, Texarkana.

March 13, 1979.

Rehearing Denied April 17, 1979.

Guy Sparkman, pro se.

Chas. F. Potter, Potter, Guinn, Minton, Roberts & Ireland, Tyler, for appellees.

RAY, Justice.

This is a summary judgment case. Appellant (plaintiff), Guy Sparkman, brought suit against appellees (defendants), The Peoples National Bank of Tyler, Wilton Daniel, Dub Riter, J. C. Wynne, Jr., Frank Sewell, Jr., Ralph Parker and Weldon McFarland, seeking damages for the alleged conversion of his property and for alleged slander. Both parties filed motions for summary judgment. Appellees' motion for summary judgment was granted and that of Sparkman denied. Appellant has perfected his appeal and submits two points of error.

Appellant's first point of error is as follows:

"The trial court erred in granting Bank's Motion for Summary Judgment, because there were several material fact issues in dispute."

Appellees contend that appellant's first point of error is too general to be considered under Tex.R.Civ.P. 418. The Texas Supreme Court has held to the contrary. *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970).

Under appellant's first point of error it is contended that when appellee Bank foreclosed upon appellant's properties under its security agreement, that appellant was not in default and that the Bank accelerated appellant's notes without due cause and

that such was not done in good faith. Appellant also asserts in his pleadings and in his brief that a material fact issue exists as to whether or not the officers and agents of the Bank published and spoke words slanderous to appellant's good name, reputation and credit.

Appellant Sparkman was in the business of constructing modular homes and had secured loans from appellee Bank ostensibly for the purpose of buying materials with which to build the dwellings. Sparkman contends that the notes were to be renewed until the buildings were sold at which time permanent financing would be secured. The notes themselves do not contain any such agreement. When several of the notes became past-due and it was learned by the Bank that Sparkman had mortgaged an Allis-Chalmers maintainer to the Bank that was under a prior mortgage to the Arp State Bank, appellee Bank then accelerated all of Sparkman's notes and started foreclosure proceedings under its security agreement. The Bank took possession and control of the mortgaged assets by employing James Reed to go into possession on January 29, 1970. The assets were sold on February 10, 1970, after notice and compliance with the security agreements and the Texas Business and Commerce Code. Appellant admits that he signed the security agreement and that the maintainer was under a prior mortgage when he mortgaged it to The Peoples National Bank. The Bank took peaceable possession of the assets covered by the security agreement while Sparkman was absent from the business. When Sparkman returned, he undertook to recover possession and to block the sale with the aid of a shotgun and by blocking access to the property to be sold plus pulling up the signs concerning the sale. While Sparkman was displaying the shotgun and frightening bidders away, he was arrested by local peace officers. See *Sparkman v. Peoples National Bank of Tyler*, 501 S.W.2d 739 (Tex.Civ.App. Tyler 1973, writ ref'd n. r. e.).

■ The summary judgment proof establishes that several of the notes that Spark-

man had at The Peoples National Bank were overdue. Under the terms of the security agreement and Tex.Bus. & Comm. Code Ann. Sec. 1.208, the Bank had the right to accelerate payment on all notes and to declare all obligations immediately due and payable and proceed to foreclosure. The burden of establishing lack of good faith is upon the party against whom the power has been exercised. Tex.Bus. & Comm.Code Ann. Sec. 1.208, supra. Appellant did not establish the lack of good faith. Appellees establish by clear, direct and convincing evidence that the officers of the Bank believed that the prospect of payment of the indebtedness was impaired and that Sparkman was in default by having made false representations to the Bank relative to the maintainer that was used as collateral. We therefore conclude that appellee Bank established as a matter of law that Sparkman was in default under the terms of the security agreement and that the Bank acted in good faith in accelerating the notes. Thus, Sparkman's allegations of conversion are without merit and the Bank was entitled to foreclose upon the assets securing the loans.

■ Sparkman alleged "That defendants, Wilton Daniels, Frank Sewell, and Weldon McFarland and others acting for the Bank and as employees, agents and servants of the bank in the presence and hearing of different other persons, did willingly, knowingly, maliciously utter words imputing a criminal offence involving moral turpitude to plaintiff. That the statements made by the banks duly authorized agents and employees were false, and defendants know they were false. . . ."

Sparkman contends that he and a representative of Recognition Equipment Company were guests of appellee Daniel on the evening of January 24, 1970, at the Willow Brook Country Club and thereafter while driving back to the Bank in Mr. Daniel's car, Mr. Daniel is alleged to have said, "Guy has done a good job, but he has misapplied funds, and he bought some equipment with Bank funds." Sparkman further testified in his deposition that he later met the rep-

resentative in Dallas on the street and the man stated he couldn't understand Mr. Daniel's remark and further stated "How else did they expect you to use the funds?"

Appellant asserts that appellee McFarland, on the day of the foreclosure sale, said in a loud voice before six disinterested people that "We will send you to the federal pen for misapplying bank funds if you don't leave."

The burden was upon appellees to prove by summary judgment proof that no material issue of fact exists relative to appellant's allegations of slander. We have examined the record and find only that in appellees' second amended motion for summary judgment an assertion that "The depositions of Philipson and Daniel have been taken and conclusively show that there was no slander by Daniel to any representative of Recognition Equipment Company." The depositions of Philipson and Daniel have not been made a part of the record for our review. It may well be that appellant's petition does not properly allege a cause of action for slander, but that point has not been raised and no exceptions were filed in the trial court complaining of appellant's pleading. See *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 9 (Tex. 1974). Apparently Sparkman is asserting that the statements he is attributing to Daniel and McFarland as being slanderous refer to the "misapplying bank funds." Certainly, proof that the statement was true would be a complete defense. If Sparkman in fact borrowed money for which he contractually agreed with the Bank to put into buildings in which the Bank had a security interest, but in fact applied the funds to living expenses or purchasing items not covered by his agreement, then he might be guilty of fraud, or breach of contract because of the misapplication of the borrowed funds. If the alleged "misapplication of funds" refers to borrowing money and giving security with a mortgage on a previously encumbered Allis-Chalmers maintainer, then the substantial truth of the statement might be a defense. A person commits a criminal offense if he intentionally or knowingly makes a materially false or misleading written statement to obtain credit for himself such as a loan of money. See V.T.C.A., Penal Code, Sec. 32.-32. However, from the record before us, it is not discernible whether appellant's allegations allude to or have any connection with the Allis-Chalmers maintainer mortgage. We cannot say that appellees have established their defense as a matter of law or that the summary judgment proof relative to their defense is so direct, clear and convincing as to conclusively establish such defense.

Appellant's first and second points of error as they relate to conversion are overruled and that portion of the summary judgment is affirmed. Appellant's point of error No. 1 as it relates to slander on the part of officers and agents of the Bank is sustained and that portion of the summary judgment is reversed and remanded for further proceedings. The judgment of the trial court is affirmed in part and reversed and remanded in part.