ACCEPTED
12-15-00197-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/3/2015 5:06:22 PM
Pam Estes
CLERK

# 12-15-00197-CV

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/3/2015 5:06:22 PM
PAM ESTES
Clerk

## In the Twelfth Court of Appeals
## Tyler, Texas

Murphy USA Inc., and
Mary Frances Maxwell, Mgr.,

*Appellants,*

v.

Freddie J. Rose and Laureen Irving,

*Appellees,*

## Appellants' Brief

Edward M. Slaughter
State Bar No. 24015112
*eslaughter@hptylaw.com*

Brandon W. Maxey
State Bar No. 24092777
*bmaxey@hptylaw.com*

HAWKINS PARNELL
 THACKSTON & YOUNG LLP
4514 Cole Avenue, Suite 500
Dallas, Texas 75205
Telephone: (214) 780-5114
Facsimile: (214) 780-5200

COUNSEL FOR APPELLANTS

## IDENTITY OF THE PARTIES

Appellants:

Murphy USA, Inc., and
Mary Francis Maxwell, Mgr.

Counsel

Edward M. Slaughter
Brandon W. Maxey
HAWKINS, PARNELL THACKSTON
& YOUNG LLP
4514 Cole Avenue, Suite 500
Dallas, Texas 75205
Telephone: (214) 780-5100
Telecopier:(214) 780-5200
e-mail: eslaughter@hptylaw.com
e-mail: bmaxey@hptylaw.com


Appellees:

Freddie J. Rose
Laureen Irving

Counsel

Donovan Paul Dudinsky
701 South Liberty Street
San Augustine, Texas 75972
Telephone: (936) 275-9871
e-mail: dpauldudinsky@yahoo.com

## TABLE OF CONTENTS

Identity of the Parties.................................................................................i

Table of Contents.......................................................................................ii

Index of Authorities..................................................................................iv

Statement of the Case ................................................................................1

Issue Presented..........................................................................................1

Statement of the Facts................................................................................2

Summary of the Argument .........................................................................3

Argument and Authorities .........................................................................5

    1. The Texas anti-SLAPP statute applies to Appellees' claims ...........6

        A. Standard of Review and Jurisdiction........................................7

        B. Statements made to law enforcement are protected under the
           Texas anti-SLAPP statute.........................................................7

    2. Appellees' evidence is legally and factually insufficient to es-
       tablish a prima facie case...................................................................9

        A. The claim for malicious prosecution fails because Rose pro-
          duced no evidence of malice and did not rebut the presump-
          tion of probable cause................................................................9

           (i)    There are no allegations or evidence of malice—only
                   negligence .................................................................10

           (ii)   There is no evidence to rebut the presumption of pro-
                   bable cause .................................................................11

        B. The evidence is legally and factually insufficient to establish
          a claim for false arrest .............................................................12

C. The negligence claim is barred by law and should be dismissed .......................................................................15

D. The claim for defamation fails for lack of a false statement and no evidence of fault .........................................15

E. The Appellees produced no evidence regarding Irving's allegations...................................................................17

Prayer ...........................................................................................18

Certificate of Compliance ............................................................19

Certificate of Service ...................................................................20

Appendix.......................................................................................21

# Index of Authorities

## Cases

*Bossin v. Towber,*
 894 S.W.2d 25 (Tex. App.—Houston [14th Dist.] 1994, writ denied ...............13

*Browning-Ferris Indus. v. Lieck,*
 881 S.W.2d 288 (Tex. 1994) .................................................................................9

*Charalammbopoulos v. Grammer,*
 2015 WL 390664 (N.D. Tex. 2015) .............................................................6, 8, 9

*Davis v. City of San Antonio,*
 752 S.W.2d 518 (Tex. 1988) ...............................................................................10

*Davis v. Prosperity Bank,*
 383 S.W.3d 759 (Tex.App.—Houston [14th Dist.] 2012, no pet.) ....................16

*Foster v. Laredo Newspapers, Inc.,*
 541 S.W.2d 809 (Tex. 1976) ...............................................................................17

*J.C. Penney Co. v. Gillford,*
 422 S.W.2d 25 (Tex. App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.) ..........10

*King v. Graham,*
 126 S.W.3d 75 (Tex. 2005) ............................................................................10, 11

*Kroger Tex. L.P. v. Suberu,*
 216 S.W.3d 788 (Tex. 2006) (*citing Sebastian v. Cheney,*
 25 S.W. 691 (1894) ....................................................................................10, 11, 12

*Leon's Shoe Stores, Inc. v. Hornsby,*
 306 S.W.2d 402 (Tex. App.—Waco 1957, no writ) .........................................14

*In re Lipsky,*
 460 S.W.3d 579 (Tex. 2015) ............................................................................6, 7

*Molinet v. Kimbrell,*
 356 S.W.3d 407 (Tex. 2011) .................................................................................7

*Olivia v. Davila,*
    373 S.W.3d 94 (Tex.App.—San Antonio, pet. denied)........................................16

*Richey v. Brookshire Grocery Co.,*
    952 S.W.2d 515 (Tex. 1997) ...............................................................................12

*Serafine v. Blunt,*
    2015 WL 3941219 (Tex.App.—Austin 2015, no pet.) ........................................7

*Smith v. Sneed,*
    938 S.W.2d 181 (Tex.App.—Austin 1997, no writ) ..........................................15

*Sparkman v. Peoples Nat'l Bank,*
    501 S.W.2d 739 (Tex. App.—Tyler 1973, writ ref'd n.r.e.) ........................12, 13

*Thrift v. Hubbard,*
    974 S.W.2d 70 (Tex. App.—San Antonio 1998, pet. denied)............................10

*Vista Chevrolet v. Barron,*
    698 S.W.2d 435 (Tex. App.—Corpus Christi 1985, no writ) ............................17

*Wal-Mart Stores, Inc. v. Medina,*
    814 S.W.2d 71 (Tex.App.—Corpus Christie 1991, writ denied)......................15

*Wal-Mart Stores v. Rodriguez,*
    92 S.W.3d 502 (Tex. 2002) ..............................................................12, 13, 14

*WFAA-TV, Inc. v. McLemore,*
    978 S.W.2d 568 (Tex. 1998) ...............................................................................16

## Statutes

TEX. CIV. PRAC. & REM. CODE § 27.001(4)(A)(i-ii)..................................................7

TEX. CIV. PRAC. & REM. CODE § 27.001(4)(E)..........................................................7

TEX. CIV. PRAC. & REM. CODE § 27.002 ...................................................................6

TEX. CIV. PRAC. & REM. CODE § 27.003(a)................................................................6

TEX. CIV. PRAC. & REM. CODE § 27.005(b)................................................................6

TEX. CIV. PRAC. & REM. CODE § 27.006(a)................................................................6

Tex. Civ. Prac. & Rem. Code § 27.009 ....................................................18

Tex. Civ. Prac. & Rem. Code § 51.014(a)(12) .........................................1

Tex. Penal Code § 31.03.............................................................................11

## STATEMENT OF THE CASE

This appeal is from a ruling on a motion to dismiss brought under the Texas anti-SLAPP statute. (CR 109). This Court has jurisdiction because § 51.014(a)(12) of the Texas Practice and Remedies Code allows for an interlocutory appeal from the denial of a motion to dismiss brought under the Texas anti-SLAPP statute.

The Appellees (plaintiffs below) allege malicious prosecution, false arrest, negligence, and defamation claims against the Appellants (defendants below), Murphy USA and Mary Frances Maxwell, Mgr. (CR 29-32). The Appellees allege that the Appellants—by reporting a potential crime to the police and by signing a complaint—engaged in actionable conduct in connection with the arrest of Rose for a civil lawsuit. (*Id.*) The appellants brought a motion to dismiss under Chapter 27 of the Practice and Remedies Code (the anti-SLAPP statute). (CR 47). After holding an off-the-record hearing, the trial court denied the motion to dismiss. (CR 67; 109). This appeal considers whether Appellees' allegations are factually and legally insufficient.

## ISSUE PRESENTED

The trial court's ruling must be reversed because:

1. the Texas anti-SLAPP statute applies to the Appellees' claims, which are is based on communications made to law enforcement regarding a potential crime, and the Appellees failed to meet their burden under the statute.

1

## STATEMENT OF THE FACTS

Freddie Rose was arrested at a Murphy USA gas station and was charged with misdemeanor theft. (CR 27). In August 2015, Rose and Laureen Irving—the Appellees and plaintiffs in the underlying action—drove up to a pump at the Murphy USA location in Center, Texas. (CR 27). Rose requested that the gas pump be turned on before paying. (CR 58; 70). Maxwell, the manager of the gas station, obliged that request. (CR 58). Rose pumped about $80 worth of gasoline into his car and into 3-4 gas containers. (CR 58).

Rose first produced a credit card for payment, which was declined. (CR 59; 70). He then produced two separate checks, which were also declined. (CR 59; 70-71). After producing these checks, Rose went back to his vehicle. (CR 59; 71). Believing that Rose was attempting to leave the premises without paying for his gas, Maxwell called the police and stood in front of Rose's vehicle. (CR 59; 71).

According to the Appellees' allegations, the responding police officers detained Rose. (CR 71). They further allege that, after the police had Maxwell sign a complaint, Rose was arrested for theft. (CR 71). Irving alleges that, as a passenger of Rose, she was stranded because she did not have a drivers' license. (CR 86). The merits of Rose's criminal case were not decided. Rather, the county attorney declined to prosecute the criminal case. (CR 97).

2

Rose and Irving sued the Appellants in March 2015, alleging malicious prosecution, false arrest, negligence, and defamation. (CR 6). These claims relate to communications made to law enforcement regarding a potential crime. The arguments of Rose and Irving rest on three main allegations: (1) Rose had sufficient funds in his checking account; (2) the Appellants did not investigate the reasons that the checks were declined; and (3) the reasons the checks were declined were negligently omitted from police officers. (CR 83-87).

The Appellants—Murphy USA and Ms. Mary Maxwell—promptly moved to dismiss under the Texas Anti-SLAPP statute. (CR 47-59). After a hearing on July 10, the trial court denied the motion. (CR 109). This appeal challenges the trial court's denial of that motion to dismiss, on the ground that the Appellees failed to present sufficient evidence to survive the motion.

## SUMMARY OF THE ARGUMENT

This case presents the Court with an issue that, while historically debated, has now been settled. The Appellees—the plaintiffs below—seek a civil remedy for an alleged false arrest. Texas law disfavors these types of civil actions because they provide a disincentive for citizens to call the police. Texas courts have recognized that our criminal justice system provides no guarantee that an

innocent person will not be arrested. The requirements of due process of law provide protection for these circumstances.

Texas courts have also recognized the importance of encouraging its citizens to report potential crimes and communicate with law enforcement. This is essential to general public safety. Texas law has reconciled this important public policy with the interests of individuals that are falsely arrested for crimes. These occurrences are actionable in tort *only* on a showing of intent or malice. This provides a delicate balance between these competing interests, and ensures that the important policy of public safety is furthered.

Chapter 27 of the Practice and Remedies Code—referred to as the Texas anti-SLAPP statute—was drafted with this balance in mind. The statute requires plaintiffs to establish a prima facie case, before discovery is commenced, for civil actions that relate to the exercise of the right to petition government. The right to petition is defined broadly under the statute and, as shown below, encompasses communications made to law enforcement when reporting a potential crime. The underlying action brought by the Appellees falls squarely within the parameters of the statute.

The Appellees seek to recover in tort without a showing of malice or intent. As such, they failed to meet their burden under the anti-SLAPP statute to establish a prima facie case. Even if the allegations of Appellees were as-

sumed to be true, it would render Rose's arrest unfortunate—but not actionable. Therefore, this Court should hold that (1) the underlying action has triggered the protections of the Texas anti-SLAPP statute, and that (2) the evidence presented by the Appellees is legally and factually insufficient to maintain their claims.

## ARGUMENT AND AUTHORITIES

This case presents strong public policy concerns, which have been addressed by Texas law. Public safety demands that the civil legal system encourage citizens to call the police—and file a complaint if necessary—when a crime is suspected. At the very least, it is important to not provide a disincentive to do so. Allowing the underlying action to continue would provide a disincentive to report potential crimes to the police, for fear of being sued in response.

The Appellees' claims—based on alleged statements made to law enforcement—trigger the protection of the Texas anti-SLAPP statute. In their response to the Appellant's motion to dismiss, the Appellees failed to produce sufficient evidence to meet their burden under the statute. As a result, the trial court's decision should be reversed.

## I. The Texas anti-SLAPP statute applies to Appellees' claims.

Texas has an anti-SLAPP[1] statute, which the legislature crafted to "encourage and safeguard the constitutional rights of persons to petition, speak freely, and otherwise participate in government to the maximum extent permitted by law. . ." TEX. CIV. PRAC. & REM. CODE § 27.002. This statute allows for motions to dismiss any legal action that "relates to. . . a party's exercise of the right to free speech, right to petition, or right of association." TEX. CIV. PRAC. & REM. CODE § 27.003(a). A movant has a modest burden to show that the statute applies by a preponderance of the evidence. TEX. CIV. PRAC. & REM. CODE §§ 27.005(b).

To survive the motion, a non-movant must establish a prima facie case by "clear and specific evidence." Tex. Civ. Prac. & Rem. Code § 27.005(b). In determining whether an action should be dismissed under this statute, the "court shall consider the pleadings and . . . affidavits." Tex. Civ. Prac. & Rem. Code § 27.006(a). This burden requires more than a mere recitation of the elements of a cause of action. *See In re Lipsky*, 460 S.W.3d 579, 591 (Tex. 2015).[2]

---

[1] SLAPP stands for "strategic lawsuit against public participation." *See Charalammbopoulos v. Grammer*, 2015 WL 390664, FN 1 (N.D. Tex. 2015).

[2] What constitutes "clear and specific evidence" of a prima facie case has not been defined. The Supreme Court of Texas recently stated that the statute, for a defamation claim, requires at least "evidence that establishes the facts of when, where, and what was said, the

## A. Standard of Review and Jurisdiction

This Court reviews matters of statutory construction de novo. *Molinet v. Kimbrell*, 356 S.W.3d 407, 410-11 (Tex. 2011). Texas courts have reviewed de novo the first and second steps under the anti-SLAPP statute: (1) whether the legal action is covered under the statute, and (2) whether the Appellees presented clear and specific evidence that established a prima facie case for each cause of action. *See Serafine v. Blunt*, 2015 WL 3941219, *2 (Tex.App.—Austin 2015, no pet.).

## B. Statements made to law enforcement are protected under the Texas anti-SLAPP statute.

The anti-SLAPP statute protects a person's "right to petition" the government. This right encompasses any "communication in or pertaining to . . . a judicial proceeding . . . [or] an official proceeding, other than a judicial proceeding, to administer the law." TEX. CIV. PRAC. & REM. CODE § 27.001(4)(A)(i-ii). Further, this broad definition includes "any other communication that falls within the protection of the right to petition government under the Constitution of the United States or the constitution of this state." TEX. CIV. PRAC. & REM. CODE § 27.001(4)(E).

As the underlying action relates to alleged communications made to law enforcement regarding a potential crime, the statute applies. This makes

---

defamatory nature of the statements, and how they damaged the plaintiff..." *See In re Lipsky,* 460 S.W.3d at 591.

sense, as emergency calls and criminal complaints are often the initial steps in bringing criminal proceedings against an alleged offender. A federal district court in Dallas recently held as much. *See Charalambopoulos v. Grammer*, 2015 WL 390664, *6 (N.D. Tex. 2015).

The court in *Grammer* held that the Texas Supreme Court would likely find that the statute's definition of the right to petition applies to communications relating to the reporting of a potential crime—including the filing of a criminal complaint. *Id.* at *5-7. In doing so, the *Grammer* court focused its reasoning on four main points:

1) The statute's definition is broad;

2) Other jurisdictions hold that these communications are protected under less broad anti-SLAPP language;

3) These communications implicate the right to petition government for redress of grievances, as they are "often the first step in initiating an official criminal proceeding against the alleged offender"; and

4) The statute's own language states that it is to be "construed liberally to effectuate its purpose and intent" to "encourage and safeguard the constitutional rights of persons to petition . . . and otherwise participate in government."

*Id.* at *6.

The same reasoning applies to the present matter. The Appellees allege that Rose was arrested because of statements by Appellants to law enforce-

8

ment, including the filing of a criminal complaint. This inherently invokes the anti-SLAPP statute. The Appellees seem to contend that the statute does not apply to allegations of false statements. (CR 72-75). That interpretation, however, ignores the statute's text—and its stated purpose. In fact, as the court in *Grammer* stated, this assertion by the Appellees is a matter for the second step of the anti-SLAPP analysis (see below). Thus, the statute applies to the underlying legal action. As such, Rose and Irving were required to establish a prima facie case by clear and specific evidence in their response to the motion to dismiss—something they failed to do.

## 2. Appellees' evidence is legally and factually insufficient to establish a prima facie case.

Rose and Irving have failed to meet their burden under the second prong of the anti-SLAPP analysis. As discussed below, their claims are both legally and factually insufficient to maintain an action:

### A. The claim for malicious prosecution fails because Rose produced no evidence of malice and did not rebut the presumption of probable cause.

Texas law disfavors claims for malicious prosecution because they discourage the reporting of crimes. *See Browning-Ferris Indus. v. Lieck*, 881 S.W.2d 288, 291 (Tex. 1994). While courts are concerned with the need to protect against unjustified criminal proceedings, Texas law recognizes "society's greater interest in encouraging citizens to respect crimes, real or per-

9

ceived." *Kroger Tex. L.P. v. Suberu*, 216 S.W.3d 788, 792 (Tex. 2006) (*citing Sebastian v. Cheney*, 25 S.W. 691, 694 (1894)). Accordingly, the plaintiff must prove the strict elements malice, actual innocence, lack of probable cause, and causation to damages. *King v. Graham*, 126 S.W.3d 75, 78 (Tex. 2005). No evidence of any of these elements was provided, particularly with the elements of malice and probable cause.

### (i) There are no allegations or evidence of malice— only negligence.

To meet the malice requirement, Rose had to present evidence of ill will, evil motive, gross indifference, or reckless disregard for the truth. *Thrift v. Hubbard*, 974 S.W.2d 70, 82 (Tex. App.—San Antonio 1998, pet. denied). This requires a showing of a wrongful motive, coupled with a wrongful act. *See Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex. 1988); *see also J.C. Penney Co. v. Gillford*, 422 S.W.2d 25, 28 (Tex. App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.). It is not enough to merely allege negligence.

Rose's argument regarding malicious prosecution is couched only in allegations of negligence. He contends that the Appellants did not investigate the reasons for why his checks were declined before calling the police. (CR 78-80). Rose has pointed to no legal authority to support the proposition that the Appellants had a duty to investigate—and none exists. (CR 78-80). Such an argument, at best, is one of negligence—not of malice. In fact, Rose merely

10

alleged "bias and indifference." (CR 79). This is certainly not the standard for malice. There are no allegations of ill will or motive on the part of the Appellants, much less any evidence of such a motive.[3] Thus, the claim for malicious prosecution should be dismissed as a matter of law.

### (ii) There is no evidence to rebut the presumption of probable cause.

In addition to malice, Rose had the burden to rebut the presumption of probable cause and to present evidence that establishes his innocence. *Graham*, 126 S.W.3d at 78. He failed to do so. Given the strong public policy concerns involved, Texas courts apply a presumption that probable cause existed and that defendants acted reasonably. *Kroger*, 216 S.W.3d at 792-93.

This requirement was not met in Appellees' response to the motion to dismiss. Rose's argument hinges on two allegations: that Maxwell did not investigate why Rose's checks were declined and that Rose's checking accounts did have sufficient funds. (CR 79-80). Even *if* we assume those allegations are true, they have no bearing on the Court's analysis. As noted, Rose cannot point to any legal duty to investigate the reason checks were declined. Further, whether Rose's accounts had insufficient funds is not an element of theft. *See* TEX. PENAL CODE § 31.03.

---

[3] In fact, Maxwell's affidavit demonstrates that Rose and Irving were both strangers to her before the incident. (CR 58-59).

The proper analysis is whether Maxwell honestly and reasonably believed that a crime had been committed or was about to be committed. *See Kroger*, 216 S.W.3d at 792-93. It is irrelevant whether Maxwell investigated Rose's state of mind or his bank account status. *See Id.* at 794. The focus, instead, is whether Maxwell acted reasonably and in good faith. *See Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517-18 (Tex. 1997). The Appellees' own rendition of the facts admits that Rose's multiple attempts to pay were declined and that he went to his vehicle without paying. (CR 70-71). Maxwell has sworn that she believed Rose had committed or was attempting to commit a crime. (CR 58-59). Thus, the Appellees presented no evidence to rebut the strong presumption of probable cause.

### B. The evidence is legally and factually insufficient to establish a claim for false arrest.

This Court has previously stated that the law encourages citizens to file criminal complaints. *See Sparkman v. Peoples Nat'l Bank*, 501 S.W.2d 739, 743 (Tex. App.—Tyler 1973, writ ref'd n.r.e.). As noted, Texas law encourages citizens to report potential crimes. Given the important public safety implications of false arrest claims, plaintiffs have the burden of proving three elements: (1) plaintiff was willfully detained; (2) the detention was without consent; and (3) the detention was without legal authority. *See Wal-Mart Stores v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). Thus, a plaintiff is *not*

12

permitted to recover merely because he was acquitted.[4] *Sparkman*, 501 S.W.2d at 743.

There is no liability when a defendant does not instigate the arrest or where a defendant does not "clearly" direct or request the arrest. *See Rodriguez*, 92 S.W.3d at 507. An arrest is not actionable against a third party if it was made under the officer's "own volition." *Id.* Nor is an arrest actionable unless false information was conveyed "knowingly" to law enforcement. *Id.* at 507-11.

In *Wal-Mart v. Rodriguez*, the Supreme Court of Texas considered a claim for false arrest under circumstances similar to the present matter. In that case, Rodriguez was wrongly accused of writing a bad check to a Wal-Mart, due to the store's check identification system proving inaccurate information. *Id.* at 505-06. After a manager of the store filed a hot-check complaint, a warrant was issued and Rodriguez was arrested. *Id.* Rodriguez sued under a claim of false arrest, arguing that Wal-Mart omitted information to the district attorney regarding the check identification system's tendency to provide erroneous information. *Id.* at 507-08. The Court held that the false arrest claim was im-

---

[4] Case law cited by Rose and Irving, in their response to the motion to dismiss, acknowledges that there is no automatic recovery for false arrest if acquitted. *Bossin v. Towber*, 894 S.W.2d 25, 31 (Tex. App.—Houston [14th Dist.] 1994, writ denied]. In fact, Rose has not been acquitted of the charge—the county attorney only decided to not prosecute. (*See* CR 97).

proper, as there was no evidence that a Wal-Mart employee knowingly failed to give pertinent information to law enforcement. *Id.* at 510-11.

The *Rodriguez* opinion is instructive here. In his response to the motion to dismiss, Rose used the same flawed, negligent omission argument for false arrest as he did for malicious prosecution. (*See* CR 76-77). That simply is not enough to prove the intentional tort of false arrest. The Appellees may attempt to distinguish *Rodriguez* by pointing to the fact that Maxwell blocked Rose from leaving the premises before paying. However, such a distinction is not material. Maxwell swore in her supporting affidavit that the decision to arrest Rose was left to the independent discretion of the responding police officers. (CR 58-59). In any event, the key inquiry is whether false information was *knowingly* conveyed to law enforcement. *Rodriguez*, 92 S.W.3d at 510-11.[5] As in *Rodriguez*, there is no evidence in the record to suggest that any false information was conveyed to the police—let alone knowingly. Even if it is assumed that Rose's allegations are true, his arrest may have been unnecessary or embarrassing—but not actionable under false arrest. *Id.* at 511.

### C. The negligence claim is barred by law and should be dismissed.

---

[5] Such an argument by the Appellees would likely rely on the reasoning in *Leon's Shoe Stores, Inc. v. Hornsby*, 306 S.W.2d 402 (Tex. App.—Waco 1957, no writ). However, the *Rodriguez* court noted that the deciding factor in the *Hornsby* decision was that the manager *knew* that the plaintiff was innocent at the time the accusation was made. *Rodriguez*, 92 S.W.3d at 510-11.

14

As an initial matter, Texas courts view negligence claims under these circumstances to be barred as a matter of law. *See Smith v. Sneed*, 938 S.W.2d 181, 185 (Tex.App.—Austin 1997, no writ). Allowing the negligence claim to move forward would "convert the tort of malicious prosecution to one of negligent prosecution." *Id.* Even if the allegations were taken as true, Texas law "does not, and should not, allow recovery in tort for all persons accused of crimes and not convicted . . . [e]xcept in extreme cases." *Wal-Mart Stores, Inc. v. Medina*, 814 S.W.2d 71, 73-74 (Tex.App.—Corpus Christie 1991, writ denied). The negligence claim in the underlying action is an attempt to side-step the stringent requirements of malicious prosecution and false arrest. However, the strong public policy concerns involved demand that this claim be dismissed.

### D. The claim for defamation fails for lack of a false statement and no evidence of fault.

The Appellees similarly failed to produce sufficient evidence regarding their claim for defamation. It appears that Appellees made a claim for defamation *per se*, in their response to the motion to dismiss. (*See* CR 80-83). To prove a claim for defamation, a Texas plaintiff must generally prove that (1) a false, defamatory statement was published, and (2) that the statement was made with the requisite degree of fault. *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571, (Tex. 1998). Simply being arrested or handcuffed is not suf-

15

ficient to establish defamation. *See Davis v. Prosperity Bank,* 383 S.W.3d 759, 803-04 (Tex.App.—Houston [14th Dist.] 2012, no pet.). There are several defects to their claim that prove fatal.

First, their response to the motion to dismiss failed to point to a false statement. *Id.* In that response, the Appellees attributed certain quotations to Maxwell—though no such statements are in the record. (*See* CR 76; 82).[6] Maxwell did convey to law enforcement her belief that a crime was being committed or had been committed. (CR 58-59). It also appears that she did sign a complaint for theft. (CR 90). However, the Appellees presented no evidence to show that those statements were false. No evidence was put forth to suggest that Maxwell did not have the subjective belief that a crime had been or was being committed. *See Olivia v. Davila,* 373 S.W.3d 94, 103-104 (Tex.App.—San Antonio, pet. denied) (holding that an opinion of a person's suspicions of potential criminal activity is not actionable in defamation).

Second, the Appellees failed to establish that any such statements were made with the required degree of fault. Statements made to law enforcement when reporting a crime are at least protected with a qualified privilege that requires a showing of malice. *See Vista Chevrolet v. Barron,* 698 S.W.2d 435,

---

[6] For example, the Appellees appear to quote from a police report in attributing a statement to Maxwell. (CR 82). However, the statements contained the quotation are not in the record. Additionally, it seems that these statements are actually those of the responding police officer, in regard to his investigation of the incident. (CR 82).

16

436-37 (Tex. App.—Corpus Christi 1985, no writ). The Appellees argued that they must make a showing of negligence instead. (CR 81-83). However, the Appellees failed to produce evidence sufficient to meet either standard. Assuming that the negligence standard is applied, the Appellees were required to show that a false statement was knowingly made or that the Appellants should have known that a statement was false. *Foster v. Laredo Newspapers, Inc.*, 541 S.W.2d 809, 819-20 (Tex. 1976). Their entire argument seems to hinge on the allegation that no call was made to verify sufficient funds in Rose's checking accounts. (CR 82-83). No legal authority, however, was cited to support the idea that such a duty exists. *Id.*

### E. The Appellees produced no evidence regarding Irving's allegations.

The Appellees' response to the anti-SLAPP motion below provided no evidence regarding Irving's claims. It appears, based on their petition and response, that Irving is alleging that Rose's arrest resulted in her being stranded at the gas station. She was not arrested or prosecuted by law enforcement. Rather, she was allegedly told to leave the premises by the responding police officers. (CR 70-71).

It is not clear what claims are specific to Irving. As no arrest was made, Irving cannot maintain a claim for malicious prosecution. Further, the Appellees provided no legal authority to support any false arrest, negligence, or

defamation claim for Irving. Therefore, the Appellants request this Court to dismiss Irving's claims.

## PRAYER

The Appellants respectfully request this Court to reverse the trial court's order denying the anti-SLAPP motion to dismiss as to all claims. Alternatively, the Appellants request that the Court reverse the trial court's order in part for any specific cause of action that the Appellees failed to meet their burden. The Appellants also request that this case be remanded to the trial court for a determination of mandatory attorneys' fees under the anti-SLAPP statute on any claims that are dismissed. *See* TEX. CIV. PRAC. & REM. CODE § 27.009.

/s/ *Edward M. Slaughter*
Edward M. Slaughter
State Bar No. 24015112
*eslaughter@hptylaw.com*

Brandon W. Maxey
State Bar No. 24092777
*bmaxey@hptylaw.com*

HAWKINS PARNELL
  THACKSTON & YOUNG LLP
4514 Cole Avenue, Suite 500
Dallas, Texas 75205
Telephone: (214) 780-5114
Facsimile: (214) 780-5200

COUNSEL FOR APPELLANTS

## Certificate of Compliance

I certify that this document contains 4154 words, not counting the sections exempt under Rule of Appellate Procedure 9.4. The body font is 14pt, and the footnote font is 12pt.

/s/ *Brandon W. Maxey*
Brandon W. Maxey

## Certificate of Service

A copy of this Appellants' Brief was sent on this 3rd day of September 2015 to the following counsel via e-mail.

**Counsel for Appellee**

Donovan Paul Dudinsky
701 South Liberty Street
San Augustine, Texas 75972
e-mail:  dpauldudinsky@yahoo.com


/s/ *Brandon W. Maxey*
Brandon W. Maxey

20

## APPENDIX

Tab 1:      Trial Court's Order

Tab 2:      Chapter 27 of the Texas Civil Practice & Remedies Code

Tab 3:      Chapter 51.014 of the Texas Civil Practice & Remedies Code

Tab 4:      Chapter 31.03 of the Texas Penal Code

# APPENDIX TAB 1

CAUSE NO. 15-CV-33018

| | | |
|---|---|---|
| FREDDIE J. ROSE | § | IN THE DISTRICT COURT 2015 AUG -6 P 3: 46 |
| AND LAUREEN IRVING, | § | |
| | § | |
| | § | DISTRICT COURT |
| Plaintiffs, | § | SHELBY COUNTY, TEXAS |
| | § | |
| | § | 123RD JUDICIAL DISTRICT_____DEPUTY |
| v. | § | |
| | § | |
| MURPHY USA, INC.. | § | |
| AND MARY FRANCES MAXWELL, MGR., | § | SHELBY COUNTY, TEXAS |
| | § | |
| Defendants. | § | |

FILED
LORI OLIVER
DISTRICT CLERK

## NOTICE OF APPEAL

Defendants Murphy USA, Inc. and Mary Frances Maxwell, Mgr. desire to appeal from the 123rd District Court's July 23 order denying its motion to dismiss pursuant to Texas Citizens Participation Act, in the above styled case. This appeal is being taken to the Court of Appeals for the 12th District of Texas, Tyler, Texas. This is an accelerated appeal.

Respectfully submitted,

**EDWARD M. SLAUGHTER**
State Bar No. 24015112
eslaughter@hptylaw.com
**BRANDON W. MAXEY**
State Bar No. 24092777
bmaxey@hptylaw.com

Hawkins Parnell Thackston & Young LLP
4514 Cole Avenue, Suite 500
Dallas, TX 75205-5412
Phone:  214-780-5100
Fax:214-780-5200

**ATTORNEYS FOR MURPHY USA, INC.
AND MARY FRANCES MAXWELL, MGR.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served on counsel for Plaintiffs, Donovan Paul Dudinsky, 701 South Liberty Street, San Augustine, Texas 75972, and to all known counsel of record via electronic mail and first-class mail this 5th day of August, 2015.

_____
**BRANDON W. MAXEY**

111

CAUSE NO. 15-CV-33018

| | | |
|---|---|---|
| FREDDIE J. ROSE<br>AND LAUREEN IRVING, | § | |
| | § | IN THE DISTRICT COURT |
| Plaintiffs | § | 123RD JUDICIAL DISTRICT |
| Vs. | § | |
| MURPHY USA, INC., | § | SHELBY COUNTY, TEXAS |
| AND MARY FRANCES MAXWELL, Mgr., | § | |
| Defendants | | |

## ORDER
### Denying Defendant Murphy USA, Inc's & Mary Frances Maxwell, Mgr.'s Motion to Dismiss

On July 10, 2015, presented in said Court by Defendant Murphy USA, Inc's and Mary Frances

Maxwell, Mgr.'s Motion to Dismiss came on to be reviewed and considered by presiding judge

Hon. Charles C. Dickerson. The Court having reviewed said Motion pursuant consideration of all

evidence submitted and counsels' arguments thereon ruled that said Motion to Dismiss be denied

and therefore,

ORDERED, ADJUDGED AND DECREED that Defendant Murphy USA, Inc's and

Mary Frances Maxwell, Mgr.'s Motion to Dismiss is DENIED and discovery commence.

Signed on July 23, 2015.

**PRESIDING JUDGE**
*123RD Judicial District*

STATE OF TEXAS
COUNTY OF SHELBY
I, Lori Oliver, District Clerk of Shelby County, Texas do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and possession, as appears of record in Vol. _____ Page _____ minutes of said court on file in my office

witness my signature and seal of office, this 7-27-15

LORI OLIVER, DISTRICT CLERK
SHELBY COUNTY, TEXAS
By_____

Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY

# APPENDIX TAB 2

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle B. Trial Matters
        Chapter 27. Actions Involving the Exercise of Certain Constitutional Rights (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 27.001

§ 27.001. Definitions

Effective: June 17, 2011
Currentness

In this chapter:

(1) "Communication" includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic.

(2) "Exercise of the right of association" means a communication between individuals who join together to collectively express, promote, pursue, or defend common interests.

(3) "Exercise of the right of free speech" means a communication made in connection with a matter of public concern.

(4) "Exercise of the right to petition" means any of the following:

  (A) a communication in or pertaining to:

    (i) a judicial proceeding;

    (ii) an official proceeding, other than a judicial proceeding, to administer the law;

    (iii) an executive or other proceeding before a department of the state or federal government or a subdivision of the state or federal government;

    (iv) a legislative proceeding, including a proceeding of a legislative committee;

    (v) a proceeding before an entity that requires by rule that public notice be given before proceedings of that entity;

    (vi) a proceeding in or before a managing board of an educational or eleemosynary institution supported directly or indirectly from public revenue;

(vii) a proceeding of the governing body of any political subdivision of this state;

(viii) a report of or debate and statements made in a proceeding described by Subparagraph (iii), (iv), (v), (vi), or (vii); or

(ix) a public meeting dealing with a public purpose, including statements and discussions at the meeting or other matters of public concern occurring at the meeting;

(B) a communication in connection with an issue under consideration or review by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;

(C) a communication that is reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;

(D) a communication reasonably likely to enlist public participation in an effort to effect consideration of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding; and

(E) any other communication that falls within the protection of the right to petition government under the Constitution of the United States or the constitution of this state.

(5) "Governmental proceeding" means a proceeding, other than a judicial proceeding, by an officer, official, or body of this state or a political subdivision of this state, including a board or commission, or by an officer, official, or body of the federal government.

(6) "Legal action" means a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief.

(7) "Matter of public concern" includes an issue related to:

(A) health or safety;

(B) environmental, economic, or community well-being;

(C) the government;

(D) a public official or public figure; or

(E) a good, product, or service in the marketplace.

(8) "Official proceeding" means any type of administrative, executive, legislative, or judicial proceeding that may be conducted before a public servant.

(9) "Public servant" means a person elected, selected, appointed, employed, or otherwise designated as one of the following, even if the person has not yet qualified for office or assumed the person's duties:

    (A) an officer, employee, or agent of government;

    (B) a juror;

    (C) an arbitrator, referee, or other person who is authorized by law or private written agreement to hear or determine a cause or controversy;

    (D) an attorney or notary public when participating in the performance of a governmental function; or

    (E) a person who is performing a governmental function under a claim of right but is not legally qualified to do so.

**Credits**

Added by Acts 2011, 82nd Leg., ch. 341 (H.B. 2973), § 2, eff. June 17, 2011.

Notes of Decisions (34)

V. T. C. A., Civil Practice & Remedies Code § 27.001, TX CIV PRAC & REM § 27.001
Current through the end of the 2015 Regular Session of the 84th Legislature

End of Document          © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle B. Trial Matters
        Chapter 27. Actions Involving the Exercise of Certain Constitutional Rights (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 27.002

§ 27.002. Purpose

Effective: June 17, 2011
Currentness

The purpose of this chapter is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury.

**Credits**

Added by Acts 2011, 82nd Leg., ch. 341 (H.B. 2973), § 2, eff. June 17, 2011.

Notes of Decisions (6)

V. T. C. A., Civil Practice & Remedies Code § 27.002, TX CIV PRAC & REM § 27.002
Current through the end of the 2015 Regular Session of the 84th Legislature

---

End of Document © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle B. Trial Matters
        Chapter 27. Actions Involving the Exercise of Certain Constitutional Rights (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 27.003

§ 27.003. Motion to Dismiss

Effective: June 17, 2011
Currentness

(a) If a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action.

(b) A motion to dismiss a legal action under this section must be filed not later than the 60th day after the date of service of the legal action. The court may extend the time to file a motion under this section on a showing of good cause.

(c) Except as provided by Section 27.006(b), on the filing of a motion under this section, all discovery in the legal action is suspended until the court has ruled on the motion to dismiss.

**Credits**
Added by Acts 2011, 82nd Leg., ch. 341 (H.B. 2973), § 2, eff. June 17, 2011.

Notes of Decisions (27)

V. T. C. A., Civil Practice & Remedies Code § 27.003, TX CIV PRAC & REM § 27.003
Current through the end of the 2015 Regular Session of the 84th Legislature

End of Document  © 2015 Thomson Reuters. No claim to original U.S Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle B. Trial Matters
        Chapter 27. Actions Involving the Exercise of Certain Constitutional Rights (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 27.004

§ 27.004. Hearing

Effective: June 14, 2013
Currentness

(a) A hearing on a motion under Section 27.003 must be set not later than the 60th day after the date of service of the motion unless the docket conditions of the court require a later hearing, upon a showing of good cause, or by agreement of the parties, but in no event shall the hearing occur more than 90 days after service of the motion under Section 27.003, except as provided by Subsection (c).

(b) In the event that the court cannot hold a hearing in the time required by Subsection (a), the court may take judicial notice that the court's docket conditions required a hearing at a later date, but in no event shall the hearing occur more than 90 days after service of the motion under Section 27.003, except as provided by Subsection (c).

(c) If the court allows discovery under Section 27.006(b), the court may extend the hearing date to allow discovery under that subsection, but in no event shall the hearing occur more than 120 days after the service of the motion under Section 27.003.

**Credits**

Added by Acts 2011, 82nd Leg., ch. 341 (H.B. 2973), § 2, eff. June 17, 2011. Amended by Acts 2013, 83rd Leg., ch. 1042 (H.B. 2935), § 1, eff. June 14, 2013.

Notes of Decisions (4)

V. T. C. A., Civil Practice & Remedies Code § 27.004, TX CIV PRAC & REM § 27.004
Current through the end of the 2015 Regular Session of the 84th Legislature

End of Document                                     © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle B. Trial Matters
        Chapter 27. Actions Involving the Exercise of Certain Constitutional Rights (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 27.005

§ 27.005. Ruling

Effective: June 14, 2013
Currentness

(a) The court must rule on a motion under Section 27.003 not later than the 30th day following the date of the hearing on the motion.

(b) Except as provided by Subsection (c), on the motion of a party under Section 27.003, a court shall dismiss a legal action against the moving party if the moving party shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of:

  (1) the right of free speech;

  (2) the right to petition; or

  (3) the right of association.

(c) The court may not dismiss a legal action under this section if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question.

(d) Notwithstanding the provisions of Subsection (c), the court shall dismiss a legal action against the moving party if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim.

**Credits**
Added by Acts 2011, 82nd Leg., ch. 341 (H.B. 2973), § 2, eff. June 17, 2011. Amended by Acts 2013, 83rd Leg., ch. 1042 (H.B. 2935), § 2, eff. June 14, 2013.

Notes of Decisions (79)

V. T. C. A., Civil Practice & Remedies Code § 27.005, TX CIV PRAC & REM § 27.005
Current through the end of the 2015 Regular Session of the 84th Legislature

End of Document · 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle B. Trial Matters
        Chapter 27. Actions Involving the Exercise of Certain Constitutional Rights (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 27.006

§ 27.006. Evidence

Effective: June 17, 2011
Currentness

(a) In determining whether a legal action should be dismissed under this chapter, the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based.

(b) On a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion.

**Credits**
Added by Acts 2011, 82nd Leg., ch. 341 (H.B. 2973), § 2, eff. June 17, 2011.

Notes of Decisions (5)

V. T. C. A., Civil Practice & Remedies Code § 27.006, TX CIV PRAC & REM § 27.006
Current through the end of the 2015 Regular Session of the 84th Legislature

End of Document

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle B. Trial Matters
        Chapter 27. Actions Involving the Exercise of Certain Constitutional Rights (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 27.007

§ 27.007. Additional Findings

Effective: June 17, 2011
Currentness

(a) At the request of a party making a motion under Section 27.003, the court shall issue findings regarding whether the legal action was brought to deter or prevent the moving party from exercising constitutional rights and is brought for an improper purpose, including to harass or to cause unnecessary delay or to increase the cost of litigation.

(b) The court must issue findings under Subsection (a) not later than the 30th day after the date a request under that subsection is made.

**Credits**
Added by Acts 2011, 82nd Leg., ch. 341 (H.B. 2973), § 2, eff. June 17, 2011.

V. T. C. A., Civil Practice & Remedies Code § 27.007, TX CIV PRAC & REM § 27.007
Current through the end of the 2015 Regular Session of the 84th Legislature

End of Document © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
Civil Practice and Remedies Code (Refs & Annos)
Title 2. Trial, Judgment, and Appeal
Subtitle B. Trial Matters
Chapter 27. Actions Involving the Exercise of Certain Constitutional Rights (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 27.008

§ 27.008. Appeal

Effective: June 14, 2013
Currentness

(a) If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal.

(b) An appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003 or from a trial court's failure to rule on that motion in the time prescribed by Section 27.005.

(c) Repealed by Acts 2013, 83rd Leg., ch. 1042 (H.B. 2935), § 5.

**Credits**
Added by Acts 2011, 82nd Leg., ch. 341 (H.B. 2973), § 2, eff. June 17, 2011. Amended by Acts 2013, 83rd Leg., ch. 1042 (H.B. 2935), § 5, eff. June 14, 2013.

Notes of Decisions (19)

V. T. C. A., Civil Practice & Remedies Code § 27.008, TX CIV PRAC & REM § 27.008
Current through the end of the 2015 Regular Session of the 84th Legislature

End of Document © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle B. Trial Matters
        Chapter 27. Actions Involving the Exercise of Certain Constitutional Rights (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 27.009

§ 27.009. Damages and Costs

Effective: June 17, 2011
Currentness

(a) If the court orders dismissal of a legal action under this chapter, the court shall award to the moving party:

(1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and

(2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.

(b) If the court finds that a motion to dismiss filed under this chapter is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party.

**Credits**
Added by Acts 2011, 82nd Leg., ch. 341 (H.B. 2973), § 2, eff. June 17, 2011.

Notes of Decisions (26)

V. T. C. A., Civil Practice & Remedies Code § 27.009, TX CIV PRAC & REM § 27.009
Current through the end of the 2015 Regular Session of the 84th Legislature

End of Document    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

> Vernon's Texas Statutes and Codes Annotated
> Civil Practice and Remedies Code (Refs & Annos)
> Title 2. Trial, Judgment, and Appeal
> Subtitle B. Trial Matters
> Chapter 27. Actions Involving the Exercise of Certain Constitutional Rights (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 27.010

§ 27.010. Exemptions

Effective: June 14, 2013
Currentness

(a) This chapter does not apply to an enforcement action that is brought in the name of this state or a political subdivision of this state by the attorney general, a district attorney, a criminal district attorney, or a county attorney.

(b) This chapter does not apply to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer.

(c) This chapter does not apply to a legal action seeking recovery for bodily injury, wrongful death, or survival or to statements made regarding that legal action.

(d) This chapter does not apply to a legal action brought under the Insurance Code or arising out of an insurance contract.

**Credits**
Added by Acts 2011, 82nd Leg., ch. 341 (H.B. 2973), § 2, eff. June 17, 2011. Amended by Acts 2013, 83rd Leg., ch. 1042 (H.B. 2935), § 3, eff. June 14, 2013.

Notes of Decisions (12)

V. T. C. A., Civil Practice & Remedies Code § 27.010, TX CIV PRAC & REM § 27.010
Current through the end of the 2015 Regular Session of the 84th Legislature

End of Document

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle B. Trial Matters
        Chapter 27. Actions Involving the Exercise of Certain Constitutional Rights (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 27.011

§ 27.011. Construction

Effective: June 17, 2011
Currentness

(a) This chapter does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions.

(b) This chapter shall be construed liberally to effectuate its purpose and intent fully.

**Credits**

Added by Acts 2011, 82nd Leg., ch. 341 (H.B. 2973), § 2, eff. June 17, 2011.

Notes of Decisions (1)

V. T. C. A., Civil Practice & Remedies Code § 27.011, TX CIV PRAC & REM § 27.011
Current through the end of the 2015 Regular Session of the 84th Legislature

End of Document

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX TAB 3

Vernon's Texas Statutes and Codes Annotated
Civil Practice and Remedies Code (Refs & Annos)
Title 2. Trial, Judgment, and Appeal
Subtitle D. Appeals
Chapter 51. Appeals
Subchapter B. Appeals from County or District Court (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 51.014

§ 51.014. Appeal from Interlocutory Order

Effective: September 1, 2015
Currentness

(a) A person may appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that:

(1) appoints a receiver or trustee;

(2) overrules a motion to vacate an order that appoints a receiver or trustee;

(3) certifies or refuses to certify a class in a suit brought under Rule 42 of the Texas Rules of Civil Procedure;

(4) grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65;

(5) denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state;

(6) denies a motion for summary judgment that is based in whole or in part upon a claim against or defense by a member of the electronic or print media, acting in such capacity, or a person whose communication appears in or is published by the electronic or print media, arising under the free speech or free press clause of the First Amendment to the United States Constitution, or Article I, Section 8, of the Texas Constitution, or Chapter 73;

(7) grants or denies the special appearance of a defendant under Rule 120a, Texas Rules of Civil Procedure, except in a suit brought under the Family Code;

(8) grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001;

(9) denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351;

(10) grants relief sought by a motion under Section 74.351(l);

(11) denies a motion to dismiss filed under Section 90.007;

(12) denies a motion to dismiss filed under Section 27.003; or

(13) denies a motion for summary judgment filed by an electric utility regarding liability in a suit subject to Section 75.0022.

(b) An interlocutory appeal under Subsection (a), other than an appeal under Subsection (a)(4) or in a suit brought under the Family Code, stays the commencement of a trial in the trial court pending resolution of the appeal. An interlocutory appeal under Subsection (a)(3), (5), (8), or (12) also stays all other proceedings in the trial court pending resolution of that appeal.

(c) A denial of a motion for summary judgment, special appearance, or plea to the jurisdiction described by Subsection (a)(5), (7), or (8) is not subject to the automatic stay under Subsection (b) unless the motion, special appearance, or plea to the jurisdiction is filed and requested for submission or hearing before the trial court not later than the later of:

(1) a date set by the trial court in a scheduling order entered under the Texas Rules of Civil Procedure; or

(2) the 180th day after the date the defendant files:

(A) the original answer;

(B) the first other responsive pleading to the plaintiff's petition; or

(C) if the plaintiff files an amended pleading that alleges a new cause of action against the defendant and the defendant is able to raise a defense to the new cause of action under Subsection (a)(5), (7), or (8), the responsive pleading that raises that defense.

(d) On a party's motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if:

(1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and

(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

(d-1) Subsection (d) does not apply to an action brought under the Family Code.

(e) An appeal under Subsection (d) does not stay proceedings in the trial court unless:

(1) the parties agree to a stay; or

(2) the trial or appellate court orders a stay of the proceedings pending appeal.

(f) An appellate court may accept an appeal permitted by Subsection (d) if the appealing party, not later than the 15th day after the date the trial court signs the order to be appealed, files in the court of appeals having appellate jurisdiction over the action an application for interlocutory appeal explaining why an appeal is warranted under Subsection (d). If the court of appeals accepts the appeal, the appeal is governed by the procedures in the Texas Rules of Appellate Procedure for pursuing an accelerated appeal. The date the court of appeals enters the order accepting the appeal starts the time applicable to filing the notice of appeal.

**Credits**

Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985. Amended by Acts 1987, 70th Leg., ch. 167, § 3.10, eff. Sept. 1, 1987; Acts 1989, 71st Leg., ch. 915, § 1, eff. June 14, 1989; Acts 1993, 73rd Leg., ch. 855, § 1, eff. Sept. 1, 1993; Acts 1997, 75th Leg., ch. 1296, § 1, eff. June 20, 1997; Acts 2001, 77th Leg., ch. 1389, § 1, eff. Sept. 1, 2001; Acts 2003, 78th Leg., ch. 204, § 1.03, eff. Sept. 1, 2003; Acts 2005, 79th Leg., ch. 97, § 5, eff. Sept. 1, 2005; Acts 2005, 79th Leg., ch. 1051, §§ 1, 2, eff. June 18, 2005; Acts 2011, 82nd Leg., ch. 203 (H.B. 274), § 3.01, eff. Sept. 1, 2011; Acts 2013, 83rd Leg., ch. 44 (H.B. 200), § 1, eff. May 16, 2013; Acts 2013, 83rd Leg., ch. 604 (S.B. 1083), § 1, eff. Sept. 1, 2013; Acts 2013, 83rd Leg., ch. 916 (H.B. 1366), § 1, eff. Sept. 1, 2013; Acts 2013, 83rd Leg., ch. 961 (H.B. 1874), § 1, eff. Sept. 1, 2013; Acts 2013, 83rd Leg., ch. 1042 (H.B. 2935), § 4, eff. June 14, 2013; Acts 2015, 84th Leg., ch. 1236 (S.B. 1296), §§ 3.001, 3.002, eff. Sept. 1, 2015.

Notes of Decisions (994)

V. T. C. A., Civil Practice & Remedies Code § 51.014, TX CIV PRAC & REM § 51.014
Current through the end of the 2015 Regular Session of the 84th Legislature

End of Document        © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX TAB 4

V.T.C.A., Penal Code § 31.03

§ 31.03. Theft

Effective: September 1, 2015
Currentness

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent;

(2) the property is stolen and the actor appropriates the property knowing it was stolen by another; or

(3) property in the custody of any law enforcement agency was explicitly represented by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another.

(c) For purposes of Subsection (b):

(1) evidence that the actor has previously participated in recent transactions other than, but similar to, that which the prosecution is based is admissible for the purpose of showing knowledge or intent and the issues of knowledge or intent are raised by the actor's plea of not guilty;

(2) the testimony of an accomplice shall be corroborated by proof that tends to connect the actor to the crime, but the actor's knowledge or intent may be established by the uncorroborated testimony of the accomplice;

(3) an actor engaged in the business of buying and selling used or secondhand personal property, or lending money on the security of personal property deposited with the actor, is presumed to know upon receipt by the actor of stolen property (other than a motor vehicle subject to Chapter 501, Transportation Code) that the property has been previously stolen from another if the actor pays for or loans against the property $25 or more (or consideration of equivalent value) and the actor knowingly or recklessly:

(A) fails to record the name, address, and physical description or identification number of the seller or pledgor;

(B) fails to record a complete description of the property, including the serial number, if reasonably available, or other identifying characteristics; or

(C) fails to obtain a signed warranty from the seller or pledgor that the seller or pledgor has the right to possess the property. It is the express intent of this provision that the presumption arises unless the actor complies with each of the numbered requirements;

(4) for the purposes of Subdivision (3)(A), "identification number" means driver's license number, military identification number, identification certificate, or other official number capable of identifying an individual;

(5) stolen property does not lose its character as stolen when recovered by any law enforcement agency;

(6) an actor engaged in the business of obtaining abandoned or wrecked motor vehicles or parts of an abandoned or wrecked motor vehicle for resale, disposal, scrap, repair, rebuilding, demolition, or other form of salvage is presumed to know on receipt by the actor of stolen property that the property has been previously stolen from another if the actor knowingly or recklessly:

(A) fails to maintain an accurate and legible inventory of each motor vehicle component part purchased by or delivered to the actor, including the date of purchase or delivery, the name, age, address, sex, and driver's license number of the seller or person making the delivery, the license plate number of the motor vehicle in which the part was delivered, a complete description of the part, and the vehicle identification number of the motor vehicle from which the part was removed, or in lieu of maintaining an inventory, fails to record the name and certificate of inventory number of the person who dismantled the motor vehicle from which the part was obtained;

(B) fails on receipt of a motor vehicle to obtain a certificate of authority, sales receipt, or transfer document as required by Chapter 683, Transportation Code, or a certificate of title showing that the motor vehicle is not subject to a lien or that all recorded liens on the motor vehicle have been released; or

(C) fails on receipt of a motor vehicle to immediately remove an unexpired license plate from the motor vehicle, to keep the plate in a secure and locked place, or to maintain an inventory, on forms provided by the Texas Department of Motor Vehicles, of license plates kept under this paragraph, including for each plate or set of plates the license plate number and the make, motor number, and vehicle identification number of the motor vehicle from which the plate was removed;

(7) an actor who purchases or receives a used or secondhand motor vehicle is presumed to know on receipt by the actor of the motor vehicle that the motor vehicle has been previously stolen from another if the actor knowingly or recklessly:

(A) fails to report to the Texas Department of Motor Vehicles the failure of the person who sold or delivered the motor vehicle to the actor to deliver to the actor a properly executed certificate of title to the motor vehicle at the time the motor vehicle was delivered; or

(B) fails to file with the county tax assessor-collector of the county in which the actor received the motor vehicle, not later than the 20th day after the date the actor received the motor vehicle, the registration license receipt and certificate of title or evidence of title delivered to the actor in accordance with Subchapter D, Chapter 520, Transportation Code, [1] at the time the motor vehicle was delivered;

(8) an actor who purchases or receives from any source other than a licensed retailer or distributor of pesticides a restricted-use pesticide or a state-limited-use pesticide or a compound, mixture, or preparation containing a restricted-use or state-limited-use pesticide is presumed to know on receipt by the actor of the pesticide or compound, mixture, or preparation that the pesticide or compound, mixture, or preparation has been previously stolen from another if the actor:

(A) fails to record the name, address, and physical description of the seller or pledgor;

(B) fails to record a complete description of the amount and type of pesticide or compound, mixture, or preparation purchased or received; and

(C) fails to obtain a signed warranty from the seller or pledgor that the seller or pledgor has the right to possess the property; and

(9) an actor who is subject to Section 409, Packers and Stockyards Act (7 U.S.C. Section 228b), that obtains livestock from a commission merchant by representing that the actor will make prompt payment is presumed to have induced the commission merchant's consent by deception if the actor fails to make full payment in accordance with Section 409, Packers and Stockyards Act (7 U.S.C. Section 228b).

(d) It is not a defense to prosecution under this section that:

(1) the offense occurred as a result of a deception or strategy on the part of a law enforcement agency, including the use of an undercover operative or peace officer;

(2) the actor was provided by a law enforcement agency with a facility in which to commit the offense or an opportunity to engage in conduct constituting the offense; or

(3) the actor was solicited to commit the offense by a peace officer, and the solicitation was of a type that would encourage a person predisposed to commit the offense to actually commit the offense, but would not encourage a person not predisposed to commit the offense to actually commit the offense.

(e) Except as provided by Subsection (f), an offense under this section is:

(1) a Class C misdemeanor if the value of the property stolen is less than $100 ;

(2) a Class B misdemeanor if:

(A) the value of the property stolen is $100 or more but less than $750 ;

(B) the value of the property stolen is less than $100 and the defendant has previously been convicted of any grade of theft; or

(C) the property stolen is a driver's license, commercial driver's license, or personal identification certificate issued by this state or another state;

(3) a Class A misdemeanor if the value of the property stolen is $750 or more but less than $2,500 ;

(4) a state jail felony if:

(A) the value of the property stolen is $2,500 or more but less than $30,000 , or the property is less than 10 head of sheep, swine, or goats or any part thereof under the value of $30,000 ;

(B) regardless of value, the property is stolen from the person of another or from a human corpse or grave, including property that is a military grave marker;

(C) the property stolen is a firearm, as defined by Section 46.01;

(D) the value of the property stolen is less than $2,500 and the defendant has been previously convicted two or more times of any grade of theft;

(E) the property stolen is an official ballot or official carrier envelope for an election; or

(F) the value of the property stolen is less than $20,000 and the property stolen is:

(i) aluminum;

(ii) bronze;

(iii) copper; or

(iv) brass;

(5) a felony of the third degree if the value of the property stolen is $30,000 or more but less than $150,000 , or the property is:

(A) cattle, horses, or exotic livestock or exotic fowl as defined by Section 142.001, Agriculture Code, stolen during a single transaction and having an aggregate value of less than $150,000 ; or

(B) 10 or more head of sheep, swine, or goats stolen during a single transaction and having an aggregate value of less than $150,000 ;

(6) a felony of the second degree if:

(A) the value of the property stolen is $150,000 or more but less than $300,000 ; or

(B) the value of the property stolen is less than $300,000 and the property stolen is an automated teller machine or the contents or components of an automated teller machine; or

(7) a felony of the first degree if the value of the property stolen is $300,000 or more.

(f) An offense described for purposes of punishment by Subsections (e)(1)-(6) is increased to the next higher category of offense if it is shown on the trial of the offense that:

(1) the actor was a public servant at the time of the offense and the property appropriated came into the actor's custody, possession, or control by virtue of his status as a public servant;

(2) the actor was in a contractual relationship with government at the time of the offense and the property appropriated came into the actor's custody, possession, or control by virtue of the contractual relationship;

(3) the owner of the property appropriated was at the time of the offense:

(A) an elderly individual; or

(B) a nonprofit organization;

(4) the actor was a Medicare provider in a contractual relationship with the federal government at the time of the offense and the property appropriated came into the actor's custody, possession, or control by virtue of the contractual relationship; or

(5) during the commission of the offense, the actor intentionally, knowingly, or recklessly:

(A) caused a fire exit alarm to sound or otherwise become activated;

(B) deactivated or otherwise prevented a fire exit alarm or retail theft detector from sounding; or

(C) used a shielding or deactivation instrument to prevent or attempt to prevent detection of the offense by a retail theft detector.

(g) For the purposes of Subsection (a), a person is the owner of exotic livestock or exotic fowl as defined by Section 142.001, Agriculture Code, only if the person qualifies to claim the animal under Section 142.0021, Agriculture Code, if the animal is an estray.

(h) In this section:

(1) "Restricted-use pesticide" means a pesticide classified as a restricted-use pesticide by the administrator of the Environmental Protection Agency under 7 U.S.C. Section 136a, as that law existed on January 1, 1995, and containing an active ingredient listed in the federal regulations adopted under that law (40 C.F.R. Section 152.175) and in effect on that date.

(2) "State-limited-use pesticide" means a pesticide classified as a state-limited-use pesticide by the Department of Agriculture under Section 76.003, Agriculture Code, as that section existed on January 1, 1995, and containing an active ingredient listed in the rules adopted under that section (4 TAC Section 7.24) as that section existed on that date.

(3) "Nonprofit organization" means an organization that is exempt from federal income taxation under Section 501(a), Internal Revenue Code of 1986, by being described as an exempt organization by Section 501(c)(3) of that code.

(4) "Automated teller machine" means an unstaffed electronic information processing device that, at the request of a user, performs a financial transaction through the direct transmission of electronic impulses to a financial institution or through the recording of electronic impulses or other indicia of a transaction for delayed transmission to a financial institution. The term includes an automated banking machine.

(i) For purposes of Subsection (c)(9), "livestock" and "commission merchant" have the meanings assigned by Section 147.001, Agriculture Code.

(j) With the consent of the appropriate local county or district attorney, the attorney general has concurrent jurisdiction with that consenting local prosecutor to prosecute an offense under this section that involves the state Medicaid program.

**Credits**

Acts 1973, 63rd Leg., p. 883, ch. 399, § 1, eff. Jan. 1, 1974. Amended by Acts 1975, 64th Leg., p. 914, ch. 342, § 10, eff. Sept. 1, 1975; Acts 1977, 65th Leg., p. 937, ch. 349, § 1, eff. Aug. 29, 1977; Acts 1981, 67th Leg., p. 849, ch. 298, § 1, eff. Sept. 1, 1981; Acts 1981, 67th Leg., p. 2065, ch. 455, § 1, eff. June 11, 1981; Acts 1983, 68th Leg., p. 2918, ch. 497, § 3, eff. Sept. 1, 1983; Acts 1983, 68th Leg., p. 3244, ch. 558, § 11, eff. Sept. 1, 1983; Acts 1983, 68th Leg., p. 4523, ch. 741, § 1, eff. Sept. 1, 1983; Acts 1985, 69th Leg., ch. 599, § 1, eff. Sept. 1, 1985; Acts 1985, 69th Leg., ch. 901, § 1, eff. Sept. 1, 1985; Acts 1987, 70th Leg., ch. 167, § 5.01(a)(45), eff. Sept. 1, 1987; Acts 1989, 71st Leg., ch. 245, § 1, eff. Sept. 1, 1989; Acts 1989, 71st Leg., ch. 724, §§ 2, 3, eff. Sept. 1, 1989; Acts 1991, 72nd Leg., ch. 14, § 284(80), eff. Sept. 1, 1991; Acts 1991, 72nd Leg., ch. 565, § 1, eff. Sept. 1, 1991; Acts 1993, 73rd Leg., ch. 203, §§ 4, 5, eff. Sept. 1, 1993; Acts 1993, 73rd Leg., ch. 900, § 1.01, eff. Sept. 1, 1994; Acts 1995, 74th Leg., ch. 318, § 9, eff. Sept. 1, 1995; Acts 1995, 74th Leg., ch. 734, § 1, eff. Sept. 1, 1995; Acts 1995,

74th Leg., ch. 843, § 1, eff. Sept. 1, 1995; Acts 1997, 75th Leg., ch. 165, §§ 30.238, 31.01(69), eff. Sept. 1, 1997; Acts 1997, 75th Leg., ch. 1153, § 7.01, eff. Sept. 1, 1997; Acts 2001, 77th Leg., ch. 1276, § 1, eff. Sept. 1, 2001; Acts 2003, 78th Leg., ch. 198, § 2.136, eff. Sept. 1, 2003; Acts 2003, 78th Leg., ch. 257, § 13, eff. Sept. 1, 2003; Acts 2003, 78th Leg., ch. 393, § 20, eff. Sept. 1, 2003; Acts 2003, 78th Leg., ch. 432, § 2, eff. Sept. 1, 2003; Acts 2007, 80th Leg., ch. 304, § 1, eff. Sept. 1, 2007; Acts 2009, 81st Leg., ch. 70, § 1, eff. Sept. 1, 2009; Acts 2009, 81st Leg., ch. 105, § 1, eff. May 23, 2009; Acts 2009, 81st Leg., ch. 139, § 1, eff. Sept. 1, 2009; Acts 2009, 81st Leg., ch. 295, § 1, eff. Sept. 1, 2009; Acts 2009, 81st Leg., ch. 903, §§ 1, 2, eff. Sept. 1, 2009; Acts 2009, 81st Leg., ch. 933, § 3J.01, eff. Sept. 1, 2009; Acts 2011, 82nd Leg., ch. 120 (S.B. 887), §§ 1, 2, eff. Sept. 1, 2011; Acts 2011, 82nd Leg., ch. 323 (H.B. 2482), § 2, eff. Sept. 1, 2011; Acts 2011, 82nd Leg., ch. 1234 (S.B. 694), § 21, eff. Sept. 1, 2011; Acts 2015, 84th Leg., ch. 1251 (H.B. 1396), § 10, eff. Sept. 1, 2015.

Notes of Decisions (1959)

Footnotes

1       V.T.C.A., Transportation Code § 520.031 et seq.

V. T. C. A., Penal Code § 31.03, TX PENAL § 31.03

Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document**                                                © 2015 Thomson Reuters. No claim to original U.S. Government Works.